672 So.2d 1098 (1996)
STATE of Louisiana
v.
Huey J. ESTEEN.
No. 95-KA-1079.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1996.
*1099 Harry F. Connick, District Attorney, Parish of Orleans, Allison Elsee, Assistant District Attorney, Parish of Orleans, David Weilbaecher, Assistant District Attorney, Parish of Orleans, New Orleans, for Appellant.
Before ARMSTRONG, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
On March 10, 1992, Huey Esteen was arrested for possession with intent to distribute marijuana and for being a convicted felon in possession of a firearm. Based on these offenses, he was charged by bill of information with violations of La.Rev.Stat.Ann. 40:966(A)(2) and La.Rev.Stat.Ann. 14:95.1. On October 5, 1994, more than two years after the State first instituted prosecution on the charges, Esteen filed a motion to quash, arguing that his constitutional right to a speedy trial had been violated. The trial court agreed and, granting his motion to quash, dismissed the charges. The State appeals that judgment.

FACTS
Esteen was charged by bill of information on April 30, 1992, for the two violations arising out of his March 1992 arrest.[1] While trial was pending (having been rescheduled numerous times), Esteen was again arrested for possession of marijuana with intent to distribute. He was charged with this second *1100 violation of La.Rev.Stat. 40:966(A)(2)[2] in January 1993 and the following month the charges were consolidated in a 3 count bill of information[3] (counts 1 and 2 were based on the March 1992 offenses) and the earlier cases were nolle prosequied.
On March 9, 1993, Esteen pleaded not guilty to all three counts and a motion hearing was set for April 9th. It is unclear exactly what transpired between the months of March and May. The State contends that court was not held on April 9th and that the defense thereafter received a continuance on April 20th. The docket master, however, has no record for either of those dates and the State offers no other evidence to support its assertion. The docket master indicates that the trial was continued due to the judge's absence on May 7th and again on May 14, 1993. On May 20th, the motion hearing was continued until June 14, 1993, by joint motion of the State and the defense. After several more continuances, defense counsel withdrew all motions on June 21, 1993, and after the status hearing, Esteen was released on bond and trial was set for September 21, 1993. The court reset the trial three times. When the case finally came to trial on November 22nd,[4] the State moved for yet another continuance because an officer was unavailable to testify. The motion was denied and the State, in circumvention of the denial, nolle prosequied the case and filed a new bill of information[5] two days later. Trial was set for December 16th but reset for January 10, 1994, as Esteen had not been served. Court was not held on January 10th and trial was reset for March 7th. The defense asked and received a continuance and trial was again reset for April 25th. On April 25th, Esteen failed to appear and a capias was issued for his arrest. Esteen read in the Times Picayune that he was wanted for a narcotics violation on May 11th and turned himself in that same day. Trial was set for June 27th, but due to another trial was reset for June 30th. By joint motion of the State and defense, that trial date was continued until July 11th. On July 11th, however, Esteen failed to appear and a capias was once again issued for his arrest. He appeared on July 28th and was remanded into custody and a contempt hearing was scheduled for August 4th. The hearing date was continued, however, and did not take place September 29th by which time Esteen had been incarcerated 61 days because, as it turned out, the State had failed to serve him at the correct address (although it had previously done so). Esteen's bond was reinstated and he was released. At the status hearing held on October 5, 1994, Esteen moved to quash the two counts derived from his March 1992 arrest. The trial court granted the motion, giving the following oral reasons:
"I have strong feelings about this, and I think that [this] is a practice by the State of Louisiana that [sic] happens routinely here which places the defendant at [sic] a different position than the State. If a defendant wants a continuance, the defendant asks for the continuance, and if he is denied the continuance then he has to go to trial. If the State wants a continuance, and I deny the continuance, then the State nolle prosequies the case and reinstitutes it.... If there is a Sixth Amendment in the Constitution and its talks about a fair trial, everybody has to play by the same rules...."

DISCUSSION
A defendant has both statutory and constitutional rights to a speedy trial. The general statutory rule is that no trial in a non-capital felony case shall be commenced after two years from the date of institution of the prosecution. La.Code Crim.Proc.Ann. art 578 (West 1981). However, upon dismissal of a timely instituted criminal prosecution, a new prosecution for the same offense may be instituted within the time limits established by the pertinent codal articles or within six months from the date of dismissal, whichever is longer, if the State can show that the dismissal of the original prosecution was not *1101 for the purpose of avoiding the time limitation of commencement of trial established by Article 578. La.Code Crim.Proc. 576 (West 1981).
It is undisputed that the prosecution in this case was timely commenced under Article 576 and that the dismissal of the original prosecution was not for the purpose of evading the time limitations of Article 578. Accordingly, the only issue before us is whether Esteen's constitutional right to a speedy trial was violated even though there was no violation of the statutory time limitation.
The underlying purpose of the constitutional right to a speedy trial is to protect a defendant's interests in preventing oppressive pretrial incarceration, limiting possible impairment of his defense, and minimizing his anxiety and concern. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). In analyzing whether a defendant has been deprived of his constitutional right to a speedy trial, we consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) prejudice to the defendant. Id. The weight to be ascribed to the length of the delay and the reasons for the delay is determined by the peculiar circumstances of the particular case, i.e. the delay tolerable for a simple street crime is considerably less than that for a serious complex, conspiracy charge. State v. Reaves 376 So.2d 136, 138 (La.1979) (citation omitted).
Esteen was charged with possession of marijuana with intent to distribute and being a convicted felon in possession of a firearm for two and a half years without going to trial. Clearly, such a delay is presumptively prejudicial and triggers an inquiry into the other factors.
In the two and a half year period, the case was reset a total of twenty-two times. The defense requested one continuance of its own accord and filed two motions for continuance jointly with the State. Esteen failed to appear twice, once on April 25, 1994, and once on July 11th, but the second of these absences was due to the prosecution's negligence in sending subpoenas to the wrong address and, as to his earlier failure to appear, Esteen contends that he was unaware that charges had been reinstituted against him after they were nolle prosequied on November 22, 1993. In support of this contention, we note that upon seeing his picture in the Times Picayune along with charges of narcotics possession, Esteen turned himself in and was present in court five days later. From this sequence of events, it cannot be fairly said that Esteen is significantly responsible for the delay.
Clearly, the court itself and the State were responsible for most of the delays. In the original case, the trial was continued twice by motion of the State (on December 9, 1992, and January 14, 1993). In February 1993, after almost ten months without proceeding to trial, the original case was nolle prosequied and the prosecution on the original charges was reinstituted in conjunction with a third charged offense. Another ten months elapsed with no trial and when the case was called to trial on November 22, 1993, the State requested a further delay which was denied by the trial court. This denial was circumvented by the State's action in nolle prosequing the charges for a second time and instituting a new prosecution for the third time on the charges arising out of the defendant's March 1992 arrest.
There is no indication that the defense objected to any of the various continuances of the trial, nor did the defendant move for a speedy trial at any time prior to his motion to quash. However, the defendant's failure to assert his right to a speedy trial is not dispositive. Whether and how a defendant asserts his right is closely related to the other Barker factors. "The strength of [the defendant's] efforts will be affected by the length of delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences." Barker, 407 U.S. at 531, 92 S.Ct. at 2192. In a similar situation, the Louisiana Supreme Court found that
It is evident that the defendant did not make a prior motion for a speedy trial because at each postponement the trial was reset for a fairly near date. [It was *1102 only after the State rebilled him and] after his six appearances in court that the defendant finally realized that the new trial setting was probably illusory in light of the prior course of the proceedings. His only avenue at that point, and the trial judge agreed was to file a motion to quash.
State v. Reaves, 376 So.2d at 138.
Finally, Esteen has clearly been prejudiced by the delay. He has been jailed three times and has spent eleven months incarcerated since the State filed its original bill of information. In addition, his defense is now seriously hampered by the death of Golbert Ellsworth, the defense's primary witness, who died on July 2, 1994. Ellsworth was the owner of the property where Esteen was originally arrested and, according to the defense's brief, was willing to testify that Esteen was employed by Ellsworth as a certified nursing assistant, that Esteen cared for Ellsworth in that capacity and that Esteen did not live at the address where he was arrested and was not responsible for anything on the premises. This testimony is relevant in that Esteen was originally charged with possession of marijuana and firearms which were found during a search pursuant to an arrest at the home of Ellsworth.
Accordingly, after considering all the circumstances, we do not find that the trial court abused its discretion in granting the motion to quash the two oldest charges against Esteen. The judgment is affirmed.
AFFIRMED.
ARMSTRONG, J., concurs with reasons.
ARMSTRONG, Judge, concurring with reasons.
Given this court's holding in State v. Leban, 611 So.2d 165 (La.App. 4th Cir.1992), writ denied 619 So.2d 533 (1993) and State v. Firshing, 624 So.2d 921 (La.App. 4th Cir. 1993) writ denied 93-2621 (La. 2/25/94), 632 So.2d 760 (1994), whose facts are similar to those here, it does not appear that the the trial court abused its discretion in this case by quashing the two oldest charges against the defendant.
NOTES
[1] Case number 355-940.
[2] Case number 361-258.
[3] Case number 361-685.
[4] We note that this was the thirteenth date set for trial on the original charges.
[5] Case number 366-732.