678 So.2d 39 (1996)
STATE of Louisiana
v.
Stanley DeROUEN.
No. 96-K-0725.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1996.
Harry F. Connick, District Attorney, Karen Herman, Assistant District Attorney of Orleans Parish, New Orleans, for Plaintiff/Relator, State of Louisiana.
Richard C. Bates, Bates and Sanders, L.L.P., Baton Rouge, for Defendant/Respondent, Stanley DeRouen.
Before LOBRANO, PLOTKIN and MURRAY.
MURRAY, Judge.
Stanley DeRouen and two co-defendants were charged by bill of information on October 6, 1994 with two counts of possession with intent to distribute cocaine and one count of possession of 28 to 200 grams of cocaine. All three pled not guilty on October 14, followed by the filing of numerous motions on October 24, including Mr. DeRouen's motion for speedy trial. The motions were set for hearing on November 17, 1994, but *40 the hearing was continued for the defense to November 28, then reset again until December 15, 1994. There is no docket master notation for that date. The next notation is from December 28, 1994 when the Court "continued the arraignment and reset the matter for determination of counsel and arraignment on 2/2/95."
On February 2, 1995, the Court set trial for April 5, 1995. On April 5 the trial court granted the State's motion to continue over the defendants' objections and reset trial for May 9. Trial was continued to May 25, 1995 due to flooding, then it was reset for July 11 due to another trial. No court was held on that date, so the trial was again continued until July 25. On July 25 a co-defendant moved for a continuance and trial was reset for August 22. The docket master shows that none of the defendants appeared for trial, but defense counsel claims the State was not prepared to go forward. On September 1, 1995, trial was reset for October 17. On October 17, 1995 the State's motion to continue was denied and a nolle prosequi was entered as to all charges.
On October 19 the State re-filed all charges against all three defendants. Mr. DeRouen's arraignment was set for November 10 but was continued so the case could be transferred back to the original section of the criminal court. On November 29, counsel for the defendants moved to quash the bill of information. Both arraignment and the motion to quash were set for January 8, 1996, then continued to January 16 and again to January 19, 1996. On that date the trial court granted the motion to quash the bill of information, and the State has applied for a writ to review that ruling. We now grant the State's writ application and reverse the trial court's ruling.
The Louisiana Code of Criminal Procedure establishes two time periods relevant to the institution and prosecution of a criminal matter. Article 701 requires that trial commence within 180 days if the defendant is not in custody unless the State can show just cause for the delay. Failure to commence trial within this period results in the release of the defendant without bail or the discharge of bail obligation. Articles 572 and 578 require that trial commence within a certain number of years following the date of the offense and a certain number of years following the date of the institution of the prosecution. The remedy for violation of these articles is quashing the indictment. La.Code Crim.Proc.Ann. art. 581. These time periods have not been surpassed in the present case and the State has not attempted to circumvent these articles. See La.Code Crim.Proc.Ann. art. 576.
In addition to the right to a speedy trial guaranteed by the Criminal Code, a defendant also has a constitutional right to speedy trial. In State v. Johnson, 622 So.2d 845, 848 (La.App. 4th Cir.1993), this court noted:
The Sixth Amendment of the U.S. Constitution also provides a right to a speedy trial. This is a fundamental right which has been imposed on the states by the due process clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Whether this right has been violated is determined by a four-part test: the length of the delay, the reason for the delay, the defendant's assertion of his or her right, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; State v. James, 394 So.2d 1197, 1200 (La.1981).
In Barker, the court noted that the length of delay is a triggering mechanism, and the other three factors need not be addressed unless the court finds the length of delay to be presumptively oppressive given the circumstances of the case. See also Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).
In State v. Esteen, 95-1079 (La.App. 4th Cir. 4/3/96), 672 So.2d 1098, this court affirmed the trial court's granting of a motion to quash. The court found that a two and one-half year delay between the institution of prosecution and trial was presumptively prejudicial triggering an inquiry into the other factors. In Esteen, the case was continued twenty-two times, mostly due to the State and the trial court. Twice the State nolle prosequied the charges when it was not ready to begin the trial. Although the defendant *41 did not move for a speedy trial nor object to any of the continuances, this court concluded that these omissions were not dispositive, and found that they were only one factor to consider. This court also found that the defendant was "clearly prejudiced" by the delays since he spent eleven months incarcerated and his defense was severely hampered by the death of a crucial witness.
This issue was also reviewed in State v. Leban, 611 So.2d 165 (La.App. 4th Cir. 1992), writ denied, 619 So.2d 533 (1993), where the State appealed the quashing of an arson charge against the defendant. In its review, this court looked to the four Barker factors and found the sixteen-month delay between the filing of the bill and the quashing of the charge to be presumptively prejudicial, thereby triggering consideration of the three remaining Barker factors. This court noted that of the seven continuances in the case, four were on request of the State, one of which was granted when one prosecution witness was not served. Two continuances were by the trial court, one due to the judge's absence and one due to an ongoing trial. The defense continuance was due to an emergency involving the defense counsel's family.
In addition, the State in Leban had nolle prosequied the charge once when its motion for continuance had been denied. With respect to the third factor, there was no indication that the defendant had objected to any of the continuances, nor did the defendant invoke his right to speedy trial until he filed his motion to quash the charge. With respect to the prejudice factor, the defendant, although on bond, had missed sixteen days of work because of court appearances. Taking all these factors into consideration, this court found that the trial court did not abuse its discretion by quashing the charge against the defendant.[1] It noted the State's multiple continuances due to the absence of witnesses and due to the prosecution's failure to determine the identity of a potential witness. This court also noted that "[a]n additional consideration is the concern voiced by the trial judge that it would not be fair to a defendant to allow the State to reinstitute prosecution after dismissing a bill of information because the judge denied the State a continuance." Leban, 611 So.2d at 169-170. This court then found that the trial court did not err by granting the motion to quash.
In another similar case, this court affirmed the trial court's grant of the defendant's motion to quash after a seventeen month delay between the filing of the first bill of information and the motion to quash the fourth bill; during that period the State nolle prosequied three bills of information against the co-defendants. State v. Firshing, 624 So.2d 921 (La.App. 4th Cir.1993), writ denied, 93-2621 (La. 2/25/94), 632 So.2d 760 (1994). This court found the seventeen months "presumptively prejudicial" under the first factor of Barker v. Wingo. Under the second Barker factor, the reasons for the delays, in Firshing there was one joint motion for a continuance, two requests by the State, and one on the court's own motion. However, as in Leban and the case at bar, the nolle prosequi in Firshing was entered because the State requested a continuance and trial court refused the request. Under the third Barker factor, the defendant's assertion of his right to a speedy trial, the first complaint in the record was the motion to quash. As to the fourth Barker factor, the prejudice to the defendant, the defendant contended he had to appear in court continually and to retain counsel over a long period of time; moreover, he lost the live testimony of two witnesses who moved away during the delay. Considering those factors, this court was unable to say that the trial court abused its discretion in granting the motion to quash. Firshing, 624 So.2d at 927.
In two other recent cases, however, this court has found that the right to a speedy *42 trial was not violated by a nineteen month delay and a twenty-two month delay between the filing of the bill of information and the defendant's motion to quash. In State v. Brown, 93-0666 (La.App. 4th Cir. 7/27/94), 641 So.2d 687, there were eight continuances during the nineteen months between the institution of prosecution and the granting of the motion to quash, and only two were directly attributable to the State. Furthermore, the defense did not object to the delays until the filing of its motion to quash, and no prejudice to the defendant was shown.
In State v. Johnson, 622 So.2d 845 (La. App. 4th Cir.1993), the defendant argued on appeal that he had been denied a speedy trial. Although there was a twenty-two month delay between the date of arrest and the day of trial, this court found that much of the delay was due to the failure of the defendant to appear in court. Additionally, he did not argue that he was prejudiced by the delay.
In the present case, the original bill of information was nolle prosequied when the State was not prepared to begin trial, similar to the situations in Esteen, Leban and Firshing. However, our analysis of the Barker v. Wingo factors does not establish that Mr. DeRouen's constitutional right to a speedy trial has been violated. Although fifteen months elapsed between institution of this prosecution and the grant of defendant's motion to quash, the record shows only two of the seven scheduled trial dates were upset by the State: April 5, 1995 (the first trial date set in the case), when its continuance was granted, and October 17, 1995, when the charges were dismissed, then re-filed, to evade the court's denial of a motion to continue. The rest of the delays are attributable to the May 1995 flood, the trial court's calendar, and Mr. DeRouen's co-defendants.
Furthermore, Mr. DeRouen's allegations of prejudice do not rise to the level seen in other cases. He asserts in his opposition to this writ application that although he was able to graduate from high school and attend one semester of college, his "repeated absences" contributed to his decision to withdraw from SUNO this semester.[2] He also claims that "concern over being disqualified from receiving federal financial assistance" contributed to his withdrawal, and that "the pendency of these charges" caused the loss of a job and a denial of enlistment in the U.S. Army. These latter complaints, however, result more from the existence of the charges than from any delay in the proceedings. Mr. DeRouen has not been incarcerated, nor is there any indication that preparation of his defense has been adversely impacted.
Thus, while Mr. DeRouen may be entitled to be released from his bail obligation under Article 701, it does not appear that the delays in this proceeding have violated his constitutional right to a speedy trial. Accordingly, the trial court's grant of his motion to quash the indictment is reversed, and the matter is remanded for further proceedings.
WRIT APPLICATION GRANTED; JUDGMENT REVERSED.
NOTES
[1] This court likened this case to State v. Reaves, 376 So.2d 136 (La.1979), where the Court upheld the quashing of a misdemeanor marijuana charge. When the State was denied a fourth continuance of the trial due to the absence of its witness, it nolle prosequied the case and reinstituted the charges in a new case, which the defense then successfully moved to quash. The Leban court distinguished State v. Lollis, 521 So.2d 532 (La.App. 4th Cir.1988), and State v. Cowger, 581 So.2d 283 (La.App. 5th Cir.1991), in both of which a significant portion of the delay was caused by actions of the defendant.
[2] The minute entries indicate Mr. DeRouen has made twelve court appearances between October 14, 1994, when he was arraigned, and November 25, 1995, when his motion to quash was filed.