h CHARLES R. JONES, Judge.
In this appeal the State of Louisiana, as appellant, argues that the district court erred in granting Bruce D. Carter’s motion to quash. We agree.
On February 21, 2001, in case number 419-961, Carter was charged with attempted second degree murder in violation of La. R.S. 14:27(30.1). He failed to appear for arraignment set for March 5th, and when he appeared on March 14th, the alias capias that had been issued for his arrest was recalled.[1] At a hearing on the mo *391 tions on April 6th, the district court found probable cause to bind him over for trial, and denied his motion to suppress the evidence. On May 8th, the day set for trial, the state asked for a continuance because the victim was unavailable. On August 7th, the next day set for trial, the state again requested a continuance because it had been unable to contact the doctor. On September 11th, Carter failed to appear for trial. Trial was reset for November 30th, it appears that both parties agreed on a continuance on November 30th since the delay was not attributed to either side. On February 5, 2002, the state again requested a continuance, this time on the grounds that the victim was in a wreck. Carter objected to the continuance for the first time. When the state was not ready for trial on March 27th because the | ¿victim had been in an accident, the district court denied the state’s request for continuance. The state then entered a nolle prosequi.
On April 1, 2002, the case was reinstitut-ed as case number 429-150, and on April 26th, Carter filed a motion to quash. The motion was granted on May 3rd. This timely appeal follows.
There are no facts in the record concerning the offense.
At the May 3rd hearing on the motion, defense counsel argued that the state had requested five trial delays, that the defense had been ready for trial on the dates set, and that more than a year had passed since Carter was arraigned and pleaded not guilty. A motion for a speedy trial was filed in March of 2001. Defense counsel asserted that the state’s choices were to go to trial or to take a writ when its request for a continuance was denied.
The assistant district attorney answered that the state has authority to dismiss and reinstitute cases under La.C.Cr.P. articles 61, 62, and 691.[2] The assistant district attorney also pointed out that neither Carter’s statutory nor his constitutional right to a speedy trial was violated by the dismissal and reinstitution of these charges. Under La.C.Cr.P. art. 578, the state has two years from the filing of the bill of information to bring him to trial. The bill of information in this case was filed on February 21, 2001. Furthermore, under La.C.Cr.P. art. 579(A)(3), Carter’s failure to appear for trial on September 11, 2001, interrupted the time limitations set out in La.C.Cr.P. art. 578. The assistant district attorney explained Rthat the delays after January 2002 were due to the victim’s injuries after being hit by an eighteen-wheeler truck. He further noted that Carter was not prejudiced by being in jail for an extended time because he was incarcerated on another charge.
We note that the record indicates that four of the continuances were at the request of the state. The September 11, 2001, delay was due to Carter’s absence, and the November 30, 2001, delay is not attributed. Under La.C.Cr.P. articles 578 and 579, the state had until September 11, 2002, to bring Carter to trial.
In a similar case, in which the state, after being denied a continuance, entered a nolle prosequi and then reinstituted the charges, the district court granted the de *392 fendant’s motion to quash.[3] State v. Larce, 2001-1992 (La.App. 4 Cir. 1/23/02), 807 So.2d 1080. This Court found that the district court erred in granting the motion to quash, holding that the district attorney controls dismissing and reinstating cases and that the defendant’s right to a speedy trial was not violated by the state’s dismissal and timely reinstitution of these charges.
We find that the district court erred in granting Carter’s motion to quash the bill of information. Accordingly, the judgment is reversed and the case remanded to the trial court.

REVERSED.

. The docket master and minute entries contain no evidence that the defendant was ar *391 raigned; however, at the hearing on the motion to quash, the defense attorney comments that 427 days had passed since the defendant pleaded not guilty in March of 2001.

. Under La.C.Cr.P. articles 61 and 62, the district attorney has entire charge and control of each criminal prosecution in his district, and he decides whom, when and how to prosecute. Under La.C.Cr.P. art. 691 the district attorney "has the power, in his discretion, to dismiss an indictment ... and in order to exercise that power it is not necessary that he obtain consent of the court.”

. In reversing the trial court in Larce, this court noted that the limitations the legislature placed on the state's ability to reinstitute charges are found in La.C.Cr.P. art. 576 which provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney ... a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer. A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of tried established by Article 578.
In the case at bar, the state reinstituted the case for the same offense four days after the nolle prosequi, and the district attorney was obviously not avoiding the time limitations of La. C.Cr.P. art. 578.