859 So.2d 743 (2003)
STATE of Louisiana
v.
George KELLER.
No. 2003-KA-0986.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2003.
*744 Eddie J. Jordan, Jr., District Attorney, Kristen Keller, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MAX N. TOBIAS Jr., and Judge LEON A. CANNIZZARO Jr.
BYRNES, Chief Judge.
The State brings this appeal, arguing that the district court erred in granting the defendant's motion to quash. Because we find that under the facts and circumstances of this case the defendant's right to a speedy trial was not violated, we reverse the trial court's decision.
On June 25, 2002, the State filed a bill of information in case number 431-208 charging George Keller with possession of marijuana, second offense, in violation of La. R.S. 40:966(D)(2). The defendant pleaded not guilty on July 8th. On July 31st all parties appeared for a hearing on the motions, but the court reset the hearing for August 9th. On that date the defendant did not appear, and the matter was reset for August 16th. The State requested and was granted a continuance on that date. The matter was reset for August 28th, and reset for September 13th by the court. At the hearing held on that day, the court found probable cause and denied the motion to suppress the evidence. Trial was set for November 6th, but the State was granted a continuance on that date, and trial was reset for November 25th. When the State asked for a continuance that day and the court denied it, the State entered a nolle prosequi.
Two days later, on November 27th, the case was reinstituted as case number 435-086. On December 11th at his arraignment, Mr. Keller announced that he would file a motion to quash the bill of information, and the defense attorney filed the motion on December 17th. After a hearing on January 10, 2003, the trial court granted the motion to quash.
At the hearing, defense counsel argued that when the State's request for a continuance was denied, the State's remedy was *745 to take a writ to this Court. The judge then asked if the reason for the continuance was the fact that a police officer witness was missing, and the State affirmed that it was. The judge established that the officer had testified at the motion hearing, and that the State had not offered a stipulation as to what the officer's testimony would be at trial, even though the defense had agreed to stipulate to the officer's testimony. The State also acknowledged that it had not filed a written motion for a continuance. The judge then declared that the issue in this case was fairness and, after finding that the State had taken advantage of its position, granted the motion to quash the bill of information.[1]
The facts of this case are unknown and irrelevant.
In its brief the State argues that the district court erred in granting the motion to quash because neither the defendant's right to a speedy trial nor any of the time limitations in the Code of Criminal Procedure were violated. La.C.Cr.P. art. 61 provides that:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
Additionally, under La.C.Cr.P. art. 691, the State has the right to dismiss an indictment without the consent of the court, and under La.C.Cr.P. art. 576, the State may reinstitute the charges within six months of dismissal. In this case, the State reinstituted the case two days after the dismissal. Furthermore, under La. C.Cr.P. art. 578 the State has two years after instigation of charges to bring a defendant to trial in a non-capital felony case. In this case the original bill of information was filed on June 25, 2002, and the motion to quash was granted on January 10, 2003, only six and one-half months later.
Recently, this Court considered the same issue in State v. Santiago, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 671, and stated:
In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing such a constitutional speedy trial violation claim, it is well-settled that the standard to be applied is the four factor test set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); to *746 wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the length of the delay, is often referred to as the "triggering mechanism" because absent a "presumptively prejudicial" delay, further inquiry into the Barker factors is unnecessary. See State v. DeRouen, 96-0725, p. 3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40.
[As the State points out, it is wellsettled that a defendant challenging the State's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 2000-511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
Id., p. 3, 853 So.2d at 672.
Considering Mr. Keller's right to a speedy trial under the first Barker factor, we note that the length of the delay was about six and one-half months from the time of the filing of the first case on June 25, 2002, to the granting of the motion to quash on January 10, 2003. In State v. Brady, 524 So.2d 1356 (La.App. 1 Cir. 1988), the First Circuit considered a case in which a defendant convicted of armed robbery argued that his right to a speedy trial had been violated by a delay of five months and three weeks. The court found that that length of time was not only not unreasonable but actually a minimal delay. Similarly, we find that in this case no "presumptively prejudicial" delay exists, and therefore further inquiry into the Barker factors is unnecessary.[2] The defendant's right to a speedy trial was not violated under a Barker v. Wingo analysis nor under the statutory time limitations imposed by the Louisiana Code of Criminal Procedure. La.C.Cr.P. arts. 576 & 578.
The underlying issue in this case is the State's right to nolle prosequi a case and reinstitute it. The district court granted the motion to quash because of the unfairness to the defendant after the State gave itself a continuance.
Recently, in State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court considered whether a defendant's right to a speedy trial had been violated, and the court emphasized that the facts and circumstances of each individual case determine the propriety of the motion to quash where the district attorney enters a nolle prosequi and then reinstitutes the charges. In Love, when the State's request for a continuance was denied, the State immediately entered a nolle prosequi in open court, stating on the record the intention to recharge the defendant, which the State did some four months later. When the State reinstated charges, the *747 defendant filed a motion to quash asserting his right to a speedy trial which was denied. This Court reversed, finding that the defendant's right to a speedy trial had been violated. The Supreme Court granted writs and reversed this Court and reinstated the conviction and sentence of the trial court, finding that the defendant's right to a speedy trial had not been violated. The court cautioned that:
When, as in this case, a trial judge denies a motion to quash, that decision should not be reversed in the absence of a clear abuse of the trial court's discretion. Moreover, nothing in the record of this case indicates that the trial court's actions can be attributed to his belief that he was constrained by this court's... decision [in State v. Alfred, 337 So.2d 1049 (La.1976)] to deny the motion to quash. In fact, Orleans Parish Criminal Court judges have often in the past decade granted motions to quash in cases like the present one, where the district attorney had nolle prossed, then reinstituted charges. See State v. Carter, XXXX-XXXX (La.App. 4 Cir. 1/29/03), 839 So.2d 390; State v. Larce, XXXX-XXXX (La.App. 4 Cir. 1/23/02), 807 So.2d 1080; State v. Henderson, XXXX-XXXX (La.App. 4 Cir. 12/13/00), 775 So.2d 1138; State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550; State v. Pham, 97-K-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11; State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39; State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098, writ denied, 96-0979 (La.9/27/96), 679 So.2d 1359; State v. Firshing, 624 So.2d 921 (La.App. 4 Cir. 1993), writ denied, 93-2621 (La.2/25/94), 632 So.2d 760; State v. Leban, 611 So.2d 165 (La.App. 4 Cir.1993). These cases indicate that the judges of the Criminal District Court understand that a trial judge has the authority to grant a motion to quash when the circumstances of the individual case warrant such an action.
Moreover, close review of the above cases indicates that the judges of the Fourth Circuit Court of Appeal do not feel constrained by Alfred, as none of the above cases cite to Alfred. In fact, in the two most recent cases from that appellate courtCarter and Larce, the court has reversed trial court judgments granting motions to quash, purely on the basis of the plenary authority to nolle pros and reinstitute charges, given to the district attorney by La.Code of Crim. Proc. arts. 576 and 578. Prior to those two cases, the appellate court sometimes reversed trial court rulings granting motions to quash in cases involving a nolle pros and reinstitution, finding that the trial court abused its discretion in finding that the defendant's right to speedy trial had been violated. See Gray, Pham, and DeRouen. At other times, the court of appeal has affirmed trial court rulings granting motions to quash in similar circumstances, as in Henderson, Firshing[[3]], Esteen[[4]], and Leban[[5]]. This court has been asked to review only two of the above casesFirshing and Esteen. In both cases, this court denied applications to review appellate court judgment affirming *748 trial court judgments granting motions to quash. Id. The upshot of all of these cases is that Louisiana courts understand that determination of motions to quash in which the district attorney entered a nolle pros and later reinstituted charges should be decided on the basis of the facts and circumstances of the individual case.
Thus, neither Alfred nor this decision should be read by Louisiana courts to constrain a trial court's discretion to grant a motion to quash in appropriate circumstances. In situations where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation. In this case, we do no not believe any such palpable abuse is evident that would allow the court of appeal to vacate the defendant's conviction on that basis.
Sixth Amendment Right to Speedy Trial
* * *
Under the rules established in Barker, none of the four factors ... is "either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial." Id. [407 U.S.] at 533, 92 S.Ct. 2182. Instead, they are "related factors and must be considered together... in a difficult and sensitive balancing process." Id.

Length of the delay
* * *
In the instant case, in the likely reality that the defendant remained subject to his bail obligation during the nearly four months that passed between the dismissal of his original bill of information and the filing of the new bill, the delay in this case was approximately 22 months. [FN3 omitted.] Following a lengthy discussion of Louisiana cases on this issue, the court of appeal found that delay was "presumptively prejudicial" for purposes of the Barker test. State v. Love, 99-1842 (La.App. 4 Cir. 11/8/00), 775 So.2d 717.
The charge in the instant case is possession of cocaine with intent to distribute, a non-capital felony, carrying a penalty of imprisonment at hard labor for not less than five years nor more than 30 years. La.Rev.Stat. 40:967(B)(1). Under the provisions of La.Code of Crim. Proc. art. 578(1), the State must bring the defendant to trial within two years from the date of the institution of the prosecution. In this case, when the State accepted the defendant's plea on October 14, 1998, the two-year statutory period for bringing the defendant to trial had not expired. Moreover, when a timely-instituted criminal procedure has been dismissed, a new prosecution for the same offense may be instituted within time limits established by the pertinent code article or within six months from the date of dismissal, whichever is longer, if the State can show that the dismissal of the original prosecution was not for the purpose of avoiding the time limit established by La.Code of Crim. Proc. art. 578. La.Code of Crim. Proc. art. 576. Thus, the State did not violate any statutory time limits in the instant case.
Nevertheless, analysis of the length of the delay does not stop with a finding that the State did not violate the statutory provisions, because the right to a speedy trial is a fundamental right. As noted by the court of appeal, Louisiana courts have found that shorter time periods *749 than the 22 months at issue in this case have violated a defendant's right to speedy trial. [FN4 omitted.] State v. Leban, 611 So.2d 165 (La.App. 4 Cir. 1992),writ denied, 619 So.2d 533 (La. 1993) (16-month delay), and State v. Firshing, 624 So.2d 921 (La.App. 4th Cir.1993), writ denied, 93-2621 (La.2/25/94), 632 So.2d 760 (17-month delay). Given the fact that the delay in this case was more lengthy than other delays found "presumptively prejudicial," as well as the fact that the right to a speedy trial is a fundamental right, we agree with the finding of the court of appeal that the delay in the instant case was "presumptively prejudicial," although such is not alone dispositive regarding whether a right to speedy trial was violated. Accordingly, we will consider the other three factors of the Barker test.
Id., p. 12-18, 847 So.2d at 1208-1211.
The Love court went on to find that none of other Barker factors supported the defendant's contention that his right to a speedy trial had been violated. The Supreme Court found that the delays had not prejudiced the defendant's case, specifically finding that the defendant failed to substantiate his argument that the delay had resulted in the disappearance of two witnesses. Accordingly, the Supreme Court reversed the decision of this Court vacating the defendant's conviction and sentence and reinstated both.
In the instant case, the State did not file a written motion for a continuance as required by La.C.Cr.P. art. 707. However, only two days elapsed between the nolle prosequi on November 25th and the reinstitution of the case on November 27th, for a total of only six and one-half-months between the filing of the case and the time the State nolle prossed it and then reinstituted it. Furthermore, in this case there was no evidence that defense witnesses were lost or the defendant prejudiced.
As the courts have frequently stated, the right to a speedy trial is relative and involves a weighing process. In this case, there is little information about the defendant and no evidence of any prejudice he suffered as a result of the delay. He makes no allegation that his defense was impaired, and there is no sign that the delay was designed to hamper the defense. Additionally, the six and one-half months delay is neither "extraordinary nor capricious."[6] It is certainly a reasonable amount of time between the filing of a case and its being nolle prossed and then reinstituted, and certainly far too short a period of time to raise any serious speedy trial issues. Under the facts and circumstances of this case, we do not find the defendant's right to a speedy trial violated nor do we find the State's actions a misuse of its authority. Accordingly, we conclude that the trial judge abused his discretion in granting the defendant's motion to quash the bill of information.
The judgment of the trial court is reversed, and the case is remanded.
REVERSED AND REMANDED
CANNIZZARO, J., concurs with reasons.
I concur, albeit reluctantly, in the result reached by the majority. I agree that there are no violations of the defendant's constitutional right to a speedy trial under Barker v. Wingo. Also, I agree that there are no violations of the defendant's right to a speedy trial under La.C.Cr.P. art. 701 *750 or the state prescription articles for initially instituting and re-instituting a criminal prosecution. Additionally, one can conclude that the defendant here suffered no prejudice by the delay. The record is very scant as to even any argument or discussion of prejudice suffered by the defendant as a result of the delay. Further, there is insufficient documentation in the record for the district court to quash the bill of information. Therefore, considering the facts of the particular case before us, I cannot say that the majority opinion is wrong. The ultimate result under the circumstances is correct. There are, however, other factors that relate to justice, equity, and fairness that should be considered.
The district attorney in this case certainly had some input in selecting the date for trial, since the district attorney determines under La.C.Cr.P. art. 61 when to prosecute a defendant. In the instant case, the district attorney did not object to the trial date, and I can, therefore, conclude that that district attorney acquiesced in it.
With regard to the unavailability of the police officer on the date of trial, because he was on vacation, if a police officer is served with a subpoena for, or given adequate notice of, a trial, then the officer should be in court on the day of the trial. Most police officers take pride in their work and appear in court when they are required to do so, but unfortunately some do not. If a police officer is needed to testify in a criminal trial, it is a part of his responsibilities as a police officer to appear in court and testify. The district attorney should not go into court and defend a police officer, who shirks his responsibility and refuses to testify or who finds some other activity more pressing than his professional responsibilities to the community.
Continuances that district attorneys give the state extrajudicially through their power to nolle prosse and then refile cases are extremely frustrating to trial judges who come to court prepared to try a case and are willing to compel both the state and the defendant to adhere to a trial date that has been set in advance of trial. District attorneys who are not prepared for whatever reason can unilaterally decide to nolle prosse a case if they are not granted a continuance by the trial court, but the defendant has no corresponding right to continue a trial. Such action by a district attorney raises ethical considerations and may possibly justify a contempt citation by the trial court.
The majority notes in quoting from a Louisiana Supreme Court case that a large number of cases from Orleans Parish are nolle prossed and then reinstituted. The unbridled use of the district attorney's power to nolle prosse a case in order to obtain a continuance when the trial court has refused to grant one in Orleans Parish Criminal District Court should be curtailed. Judges should be able to prevent the state from using this practice, particularly in cases where reasonable preparation for trial or adequate notice that a continuance is needed could have avoided the need for a continuance on the day of the trial.
The Louisiana Code of Criminal Procedure establishes the rules regarding when a continuance may or shall be granted, and these rules apply equally to all parties. La.C.Cr.P. art. 707 provides that a motion for continuance shall be in writing, shall be filed at least seven days prior to the beginning of trial, and may be granted "only upon a showing that such motion is in the interest of justice." La.C.Cr.P. art. 709 requires a motion for a continuance based on the absence of a witness to state certain facts, which are specifically enumerated in that article. La.C.Cr.P. art. 710 provides that an adverse party can defeat a continuance *751 by admitting to the testimony, and in certain cases, to the truth of the testimony, of an adverse witness. La.C.Cr.P. art. 712 provides that if a motion for a continuance is timely filed, the trial court may grant the continuance "in the discretion of the court ... if there is good ground therefor." In the instant case, the state did not comply with any of these requirements, which become meaningless when the state can simply obtain a continuance at will by using the power to nolle prosse a case and subsequently reinstitute it.
The trial judge has a responsibility to administer justice for all parties. This obligation should not be thwarted by one party in order to gain an advantage over another party. In the instant case the state had already been granted one continuance when the case was set for trial. The defendant had not been granted any continuances. Additionally, the state was granted a continuance prior to the motion hearing, but none was given to the defendant. What the district attorney did in this case was avoid complying with the rules in the Code of Criminal Procedure governing the granting of continuances and then doing indirectly what could not be done directly or by the defendant. The practice of the state granting itself an extrajudicial continuance through the misuse of the power to nolle prosse a case is blatantly unfair to the defendant, even though it may not fall directly within the proscriptions discussed in the majority opinion. While I concur in the majority opinion, I do not condone the actions of the state in this case.
NOTES
[1] The colloquy at the hearing on the motion to quash was as follows:

Judge: I think you have to look at it as an issue of fairness to be quite honest. The State shouldn't be in a position to be able to get a continuance any time they want to and the Defense not have that same opportunity.....
* * *
ADA: Well, Your Honor, if we're talking in the interest of fairness, this was the very first trial setting.
* * *
Judge: I'm so sick of DA's saying that, Defense attorneysbut Judge, it's only the first trial setting. If you were the defendant sitting out there and you had to come to court, or if you were a witness that had to come to court, take off work, or whatever, the first trial setting is enough. It's enough. I don't want to make people come back to court and have the hallways outside filled with people coming back to court, time after time, because somebody's not ready. Because they haven't been paid, or you didn't talk to your witnesses, or a police officer went on vacation. You know, I'mI'm not going to put up with it.
If the police officer ... [doesn't] have the common courtesy to notify this court and the District Attorney's Office that they are not going to be here, they have to honor their subpoenas.
So at this time I grant the motion to quash.
[2] None of the remaining factors supports the defendant's position:

As to the second Barker factor, the reason for the delay, two continuances were at the State's request, one was due to the defendant's absence, and twice the court simply reset the hearing without explanation. The State attributed its requests for continuances to the fact that its police officer witness had not appeared. At the hearing the judge implied that the State should have stipulated as to the witnesses testimony; however, according to the assistant district attorney the officer was the State's only witness.
The third Barker factor concerns the defendant's assertion of his right to a speedy trial. The defendant did not object to the continuances nor did he file a motion for a speedy trial until after the case was reinstituted.
The final Barker factor is the prejudice to the defendant caused by the delay. There are no facts about the defendant in the record except that he was charged with possession of marijuana, second offense, and he was free on bond during the course of this case.
[3] The 17-month delay in Firshing is so far beyond the six and one-half-month delay in the instant case as to render Firshing inapposite to the instant case.
[4] Esteen involves facts so egregious as to remove it from any reasonable relation to the instant case. In Esteen the delays amounted to over two years during which time the State nolle prossed the case twice.
[5] The 16-month delay in Leban is so far beyond the six and one-half-month delay in the instant case as to render Leban inapposite to the instant case.
[6] Love, Supra,p. 8, 847 So.2d at 1206.