376 So.2d 136 (1979)
STATE of Louisiana
v.
Roosevelt REAVES.
No. 64523.
Supreme Court of Louisiana.
October 8, 1979.
*137 Elizabeth W. Cole, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David Batt, Asst. Dist. Atty., New Orleans, for plaintiff-relator.
DENNIS, Justice.
Defendant, Roosevelt Reaves, was arrested and charged on January 27, 1979, with the possession of a single marijuana cigarette in violation of La.R.S. 40:967(D). The defendant was released on bail, and so continues, but has appeared at all stages of the proceedings. He pleaded not guilty at arraignment; the trial was set for February 9, 1979. For reasons that do not appear in the record, the trial was continued and reset for March 5. On March 5, the trial was again postponed and reset for March 15 for no reasons apparent in the record. On March 15 the state filed a motion for a continuance because Officer Edward Cooper, its principal witness, failed to appear, allegedly due to illness. The court granted the motion and reset the trial for April 6. On April 6, the trial could not be conducted because the witness, Officer Cooper, again failed to appear. The court ordered the witness attached and brought immediately to court, but the sheriff was unable to find him. The state responded with an oral motion for a continuance, since its principal witness was absent. The court denied the motion. Not to be deterred, the state nolle prosequied the bill of information, and later that day filed a new bill of information charging the defendant with the same offense.
On April 18, at the arraignment on the new bill, the defendant again exercised his right to go to trial and pleaded not guilty to the charges. The defendant filed a motion to quash, alleging that he had been denied his right to a speedy trial. The trial court found merit in his speedy trial claim and granted the motion to quash.

Motion to Quash
The state contends that a defendant may not raise his denial of speedy trial claim by a motion to quash. We disagree. An accused must be afforded a remedy by which he may effectively assert this fundamental right guaranteed by the Due Process Clause of the Fourteenth Amendment, the Louisiana Constitution, and our Code of Criminal Procedure. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); La.Const.1974, art. 1, § 16; La.C. Cr.P. art. 701. The legislature has not specifically provided a method for raising speedy trial violations, but it has instituted the motion to quash, an all embracive plea, whereby an accused may urge all pleas or defenses to be raised before trial, other than those relating to the merits of the charge. La.C.Cr.P. art. 531, and Official Revision Comment; State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974). A speedy trial claim logically falls within this category because *138 it is a defense which, if successful, requires dismissal of the indictment regardless of the merits of the charge, Barker, supra, and which by its nature must be available before trial. Since the legislature has provided no other method, we conclude that it intended to implement the speedy trial guaranty when it adopted the motion to quash procedure.[*] See Bennett, The 1966 Code of Criminal Procedure, 27 La.L.Rev. 175, 202 (1967) ("[Art. 535(B)] covers expiration of the trial limitation upon the commencement of trial, a rule implementing the defendant's constitutional right to a speedy trial.") Cf. State v. Nowell, 363 So.2d 523 (La.1978); State v. Alfred, 337 So.2d 1049 (La.1976).

The Right to a Speedy Trial
The United States Supreme Court rejected any per se rule or inflexible approach to the inquiry into whether a defendant's constitutional right to a speedy trial has been violated. Barker, supra. In analyzing an allegation of deprivation of the right to a speedy trial, the court will consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice which the defendant has suffered. Barker, supra, at 407 U.S. 530, 92 S.Ct. 2192, 33 L.Ed.2d 117 (1972). Furthermore, the peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reason for delay. For example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Barker, supra, at 407 U.S. 531, 92 S.Ct. 2192, 33 L.Ed.2d 117 (1972). This Court has assiduously followed the Barker v. Wingo analysis in evaluating Louisiana speedy trial claims. State v. Alfred, 337 So.2d 1049, 1058 (La.1976).
Reaves was not subjected to an extremely long delay. He filed his motion to quash after only three and one-half months from the filing of the original bill of information. However, the mere length of the delay does not determine the speedy trial issue. Since this case involves a simple misdemeanor offense, possession of a single marijuana cigarette, the constitution tolerates relatively brief delays. Barker, supra; Alfred, supra. Accordingly, we must examine the peculiar circumstances of the case to find if the length of the delay and the closely related factor, the reason for the delay, provoke a speedy trial inquiry. Barker, supra; Alfred, supra.
No reasons for the February 9 and March 5 continuances appear in the record, although the trial judge suggested at one point that the March 5 continuance may have been caused by the officer's failure to respond to a subpoena. The judge found, nevertheless, that on four occasions the trial was set, the defendant appeared with his witness, and the state failed to produce its only witness, the police officer.
The state argues that it was duly diligent in its attempts to procure its witness. Certainly on April 6 the state took diligent efforts to get the witness to the trial set for that date. Not only was an order issued for his attachment, but the state also had the court liaison officer and the desk sergeant from the witness's district trying to locate him. Yet it does not appear that similarly diligent attempts were made to find Officer Cooper on the two other trial dates. During the police strike he failed to respond to a subpoena and the state, without further effort, moved for a continuance; on March 15, the state moved again to postpone the trial on the allegation that the witness was too ill to appear. Although none of these events show a deliberate attempt to delay the trial, and a missing witness under subpoena normally serves to justify an appropriate delay, responsibility for the repeated absences of the prosecution's police officer witness must rest with the government *139 rather than with the defendant. Barker, supra, at 407 U.S. 531, 92 S.Ct. 2192, 33 L.Ed.2d 117 (1972).
The defendant did not move for a speedy trial at any time prior to his motion to quash. We do not weigh this factor very heavily under the facts of this case, however. For one thing, the significance of whether and how a defendant asserts his right to a speedy trial is affected by the other factors under the facts of the case. Barker, supra, at 407 U.S. 530, 92 S.Ct. 2192, 33 L.Ed.2d 117 (1972). It is evident that the defendant did not make a prior motion for a speedy trial because at each postponement the trial was reset for a fairly near date. In April the state rebilled him, and after his six appearances in court, the defendant finally realized that the new trial setting was probably illusory in light of the prior course of the proceedings. His only avenue at that point, and the trial judge agreed, was to file a motion to quash.
Given a misdemeanor offense such as possession of a single marijuana cigarette, the requirement of prejudice is not as stringent as it could be in the case of a more serious or violent crime. See Barker, supra, and Alfred, supra. The defense counsel argued without contradiction that the defendant, a forty-two year old man with a family to support, was forced to miss six days of work to go to court. On each of four occasions the trial was set to begin, the defendant stood ready with his witness, yet the state could not put on its case. Although the prejudice to the defendant here would not normally be considered serious, the fact remains that for this misdemeanor offense the economic and psychological burdens placed on the defendant by repeated, futile court appearances may ultimately force him to plead guilty in order to maintain his job and peace of mind. See State v. Nowell, 363 So.2d 523 (La.1978); State ex rel. Miller v. Craft, 337 So.2d 1191 (La. 1976).
Considering the related factors identified by Barker and Alfred, together with the relevant circumstances of this case, we cannot say that the trial judge erred in finding that defendant was denied his right to a speedy trial. Accordingly, the motion to quash was justly granted.
AFFIRMED.
MARCUS, J., dissents.
NOTES
[*] We recognize that this ruling overturns prior jurisprudence in this Court which held that a violation of the constitutional right to a speedy trial may not be urged via a motion to quash. See State v. Augustine, 252 La. 983, 215 So.2d 634 (1968); State v. White, 247 La. 19, 169 So.2d 894 (1964). These cases no longer represent correct law in light of Barker v. Wingo, supra, decided in 1972.