464 So.2d 776 (1985)
STATE of Louisiana
v.
Wayne R. LANG.
No. K 3032.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1985.
David P. Lanasa, New Orleans, for relator.
Before REDMANN, C.J., and GARRISON and KLEES, JJ.
REDMANN, Chief Judge.
Defendant was charged by information in March 1984 with theft (by misappropriation, *777 R.S. 14:67) of $300 cash on March 3, 1984.
On July 6, 1984 trial was set for August 8. On August 8 the state obtained a continuance (to September 6) over defendant's objection. The cause for the continuance is not shown by the minutes. On September 6 the state again obtained a continuance (to October 10) over defendant's objection "due to State not being ready." On October 10 the state obtained another continuance (to October 31) over defendant's objection. The cause for the continuance is not shown by the minutes. On October 31 the state obtained another continuance over defendant's objection. On each of those four settings defendant and his counsel appeared for trial. Although the court minutes do not explain the reasons for the continuances, defendant represents that the true reason is the state's inability to produce its witness, the alleged victim (a resident of Bogalusa). At the last setting and continuance, defendant notified the trial judge of his intent to apply to this court for writs and did not set another trial date.
Defendant's application for certiorari asserts that, on October 31, defendant's "counsel asked that the case be dismissed, for ... denial of defendant's right to a speedy trial." The state does not dispute that assertion. The trial judge denied that motion and granted the continuance. We granted certiorari.
State v. Reaves, 376 So.2d 136 (La. 1979), is remarkably similar to this matter, except that in Reaves defendant filed a written motion to quash and our defendant did not. Yet the problem of defendant's motion to dismiss or quash is analogously answered by Reaves's ruling that a motion for speedy trial does not have to be filed to entitle defendant to dismissal for denial of speedy trial under circumstances like ours. C.Cr.P. 536 provides that a motion to quash "shall be" in writing: but C.Cr.P. 701 D provides for the "filing" of a motion for speedy trial, thereby requiring a written motion; and art. 707 provides that a motion for a continuance "shall be" in writing, and none of the state's motions for continuance were in writing. We hold that, if Reaves would otherwise require quashing upon a written motion, it also requires quashing on oral motion made at the time of a Reaves-condemned continuance. After a detailed analysis of the constitutional speedy trial right, Reaves itself dismissed its prosecution after four continuances granted because of the absence of the prosecution witness. Reaves requires quashing of the information in this case of four continuances for absence of the prosecution witness in a simple, non-violent offense.
Reversed; information quashed.