521 So.2d 532 (1988)
STATE of Louisiana
v.
Peter LOLLIS.
No. KA-8502.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
*533 Harry F. Connick, Dist. Atty., Richard Olsen, Asst. Dist. Atty., New Orleans, for plaintiff-appellant, State.
Peter J. Castano, New Orleans, for defendant-appellee, Peter Lollis, Sr.
Before BYRNES, WARD and WILLIAMS, JJ.
WARD, Judge.
Peter Lollis was charged by information on December 2, 1985 with indecent behavior with a juvenile, a violation of La.R.S. 14:81. The juvenile was Lollis's five year old step-grand-daughter. One and a half years later, on the day finally set for trial, Lollis's oral motion to quash the information was granted before trial commenced, and Lollis was released. The State appeals. Finding that the Trial Court erred, we reverse.
The Trial Judge found that Lollis had been denied the right to a speedy trial because of numerous continuances in the case. The record does, indeed, reflect that the State requested several trial continuances. The record also shows trial continuances which cannot be attributed to the State.
Trial was originally set for January 27, 1986, but that date was later reserved for motion hearings with the intention that trial would be reset after motions were heard. Motions were eventually heard on March 14, and defendant's motion to suppress a confession was granted. The decision on the motion to suppress was not final until the Louisiana Supreme Court denied a writ application on October 10, 1986 after staying all proceedings in the case since July 29, 1986.
Trial was then set for January 6, 1987, but because a Prieur hearing was pending, trial was reset for February 26, 1987 and then postponed until March 30, 1987. The State's motion to continue the March 30 date because one witness was out of the country was granted. Trial was reset in error and then reset again for May 14, 1987.
On May 14, the Trial Judge denied the State's motion to continue because an out-of-state witness, the examining doctor, was unable to return to Louisiana. The same day, this Court denied the State's writ application to review the denial of the continuance. The Trial Judge then granted defendant's oral motion to quash.
The Trial Judge based his decision on State v. Lang, 464 So.2d 776 (La.App. 4th Cir.1985). Although the Lang decision may have authorized defendant's oral motion contrary to the express provision of La.C.Cr.P. art. 536 requiring written motions, the Trial Judge misconstrued Lang as setting a limit on the number of continuances allowed before a defendant is automatically released by a motion to quash. We believe the circumstances which prompted the Lang decision are not present in the instant case. In Lang, the Court granted the oral motion to quash made by a defendant charged with theft after the State's four oral motions to continue the trial had been granted, each time over the defendant's objection. Although the minutes did not explain the reasons for the four continuances, defendant suggested that the State had been unable to produce the alleged victim, a Louisiana resident. The Court in Lang held that State v. Reaves, 376 So.2d 136 (La.1979), required quashing the information "in this case of four continuances for the absence of the prosecution witness in a simple, non-violent offense." 464 So.2d at 777.
In Reaves, the Court found that in analyzing an allegation of deprivation of the right to a speedy trial, the court should consider the length of the delay, the reasons for the delay, the defendant's assertion of his right, and the prejudice which the defendant has suffered, as well as the peculiar circumstances of each case. 376 So.2d at 138, citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In this case, Lollis was charged with a considerably more serious offense than the defendants in Lang and Reaves. Although Lollis was subjected to a long delay before trial, the substantial portion of the delay was attributable to waiting for the resolution of his pre-trial motions and hearings, one of which was his successful attempt to *534 suppress his confession. Thus, in large part, factors beyond the prosecution's control caused the delay.
Furthermore, it is questionable whether Lollis has ever asserted his constitutional right to a speedy trial even when he moved to quash the information. Certainly the record is void of evidence that he had previously asserted the right or, for that matter, had even objected to any of the continuances which effectively delayed his trial. Likewise, Lollis has never alleged, nor does the record reflect, any prejudice caused by the delay. Conversely, the record does indicate that Lollis was released on bond the day after the bill of information was filed.
Moreover, before denying the continuance on the final trial date, the Trial Judge told the State to nolle prosequi the case. Then, the same day, after writs on the continuance were denied, the Trial Judge inexplicably refused to allow the State to nolle prosequi the case, instead granting the motion to quash and discharging Lollis.
Considering all of these factors, we find that while the Trial Judge was well within his discretion in denying the continuance, meaning that the State would have to try the case that day, he erred by relying on cases which are clearly distinguishable from the instant case and by granting the motion to quash, releasing Lollis without trial. Therefore, the Judge's decision to grant the motion to quash is reversed.
REVERSED AND REMANDED.