611 So.2d 165 (1992)
STATE of Louisiana
v.
Levon A. LEBAN.
No. 91-KA-2328.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
Rehearing Denied January 13, 1993.
*166 Harry F. Connick, Dist. Atty., Greg Hangartner, Asst. Dist. Atty., New Orleans, for plaintiff/appellant.
Kevin V. Boshea, Regan and Associates, New Orleans, for defendant/appellee.
Before BARRY, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Levon Leban, was charged by bill of information with simple arson. The trial court maintained defense counsel's motion to quash, to which ruling the state has filed this appeal.
The record reflects that on February 23, 1990, the defendant was arrested for simple arson occurring at Booker T. Washington High School on February 3, 1990. The defendant was a teacher at the school. In Case No. 342-458, he was charged by bill of information with simple arson where the damage totalled more than $500. He pleaded not guilty at his arraignment on April 24, and on July 10, pretrial motions were heard.
Trial was originally set for August 29, 1990, but it was continued on the State's motion. Trial was reset for October 16, but it was later reset for December 4. On December 4, the trial was continued to January 22, 1991 because another trial was in progress. On January 22, on the motion of the State, the trial was continued to February 25. On the motion of the defense, the February 25 trial was continued to March 13; but on March 13, the trial court continued the trial to April 18 on the State's motion. Due to the absence of the criminalist, the trial was continued from April 18 to May 23.
On May 23, 1991, the State moved for a continuance in order to identify and locate a witness who could place defendant at the scene of the crime shortly before it occurred. The State admitted that it had known of this witness' existence for some time, but that it had discovered just the day before that another witness knew and had spoken with the unidentified witness. The State had also given defense counsel notice of its intent to use an inculpatory statement made by defendant. The trial judge ruled the statement inadmissible based on an earlier ruling in which he had granted defendant's motion to suppress the confession. The trial judge then denied the continuance, and the State informed the judge that a nolle prosequi would be entered.
Five days later, on May 28, in Case No. 349-847, the State filed a new bill of information again charging defendant with simple arson with damage in excess of $500. The case was transferred on June 12 to the section which had handled the original case. Defendant moved to quash the new bill of information based on the denial of his right to a speedy trial.
A hearing on defendant's motion to quash was held on July 12. During argument on the motion, the State admitted that it still did not know the name or address of the mystery witness. In granting the motion, the trial judge stated:
[T]his case goes back to 1990. This man's been here a number of times, not only for trial but for pretrial motions. There is [sic] two pages of dates here that he's been here. I think that there is something unfair about this whole thing when only the Statewhen I say, O.K., Mr. Defense Attorney, I'm not granting a continuance, go to trial. And when I say, Mr. State's Attorney, I'm not granting your continuance, and you say, well, I'll nolle pros the case. Ha, ha, ha, nolle pros the case. I don't know whether the Court of Appeal would agree with me or not, but at some point in time, equity and good common sense should say that the rules should be the same for the State and the Defense, and the equities are not here. It means that the State gets a continuance whether they want it or not. They just say, well, I'll just nolle pros it and reinstitute it. I think that that's a real issue here that should have been resolved a long time ago, and so I'm granting the Motion to Quash. This *167 man's been here a bunch of times, missing work coming in and out of here. I've seen this man on numerous occasions, goes back over a year. Ya'll locate a witness and don't know his name on the day of trial. I think that that mandates me to do what I've got to do. I quash it.
The State complains that the trial court erred in granting defendant's motion to quash the second bill of information because the original prosecution was not dismissed to avoid the time limitations of La. C.Cr.P. art. 578 or to gain time to prepare for trial. The State argues that the dismissal of the first bill of information was done with defendant's consent and that there was no violation of his right to a speedy trial. As to the issue of a speedy trial, the State argues that the length of the delay was not that great and only three of the continuances could be attributed to the State. Additionally, the State argues that defendant has not shown that he was prejudiced by the delay and that defendant was charged with a serious crime.
Under La.C.Cr.P. art. 576, when a prosecution has been dismissed either with the defendant's consent, before the first witness is sworn, or because of a defect, error, or irregularity in the bill of information, a new prosecution for the same offense may be instituted either within six months of the dismissal or within the time limits set forth in La.C.Cr.P. arts. 571 and 572, whichever is longer.[1] In the present case, the State had six years from February 3, 1990 within which to institute prosecution because simple arson is a felony necessarily punishable at hard labor. La.R.S. 14:52. However, La.C.Cr.P. art. 576 further provides that a new prosecution cannot be instituted following dismissal if the State cannot show that the dismissal was not for the purpose of avoiding the time limitations for the commencement of trial set forth in La.C.Cr.P. art. 578. Under La.C.Cr.P. art. 578, in a noncapital felony cases, no trial shall be commenced after two years from the date of institution of prosecution.
There is no question that the prosecution in this case was timely commenced under La.C.Cr.P. art. 576, and there is no issue that the dismissal of the original prosecution was for the purpose of evading the time limitations of La.C.Cr.P. art. 578. The real issue in this case is whether defendant's constitutional right to a speedy trial was violated even though there was no violation of the statutory time limitations.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set forth the following four factors to determine whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay. The court stated that the length of the delay was a triggering mechanism; and until there was a delay that was presumptively prejudicial, there was no need to inquire into the other factors. The court further stated that the length of a delay which would provoke such an inquiry was dependent upon the peculiar circumstances of the case. The court noted that the reason for the delay was closely related to the length of the delay and that different weights should be given to different reasons. As to the defendant's assertion of his right to a speedy trial, the court stated that the assertion of that right was entitled to strong evidentiary weight in determining whether the defendant was deprived of his right. Regarding the final factor, the court stated that prejudice was to be assessed in the light of the interests of the defendant which the speedy trial right was designed to protect. The court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety *168 and concern of the defendant, and limiting the possibility that the defense would be impaired.
In State v. Reaves, 376 So.2d 136 (La. 1979), the defendant was charged with possession of one marijuana cigarette, a misdemeanor; and trial was set and continued four times in the three and one-half months since charges had been brought. On the fourth trial date, the State moved for a continuance because its principal witness was absent. The trial court denied the continuance, and the State nolle prosequied the bill of information. The State then filed a new bill of information which the defendant moved to quash on the basis that he had been denied his right to a speedy trial. The trial court granted the motion, and the Supreme Court affirmed. The court stated that although the defendant had not been subjected to an extremely long delay, he was denied his right to a speedy trial. The continuances had been caused by the failure of the arresting officer to appear at trial to testify for the State, and the court stated that the responsibility for these repeated absences had to rest with the State. The defendant had not moved for a speedy trial before filing his motion to quash, but the court noted that the defendant had not made such a motion because at each postponement trial was reset for a fairly near date. The court stated that because the defendant was charged with a misdemeanor, the prejudice requirement was not as stringent and that the repeated delays might have ultimately forced the defendant to plead guilty to maintain his job and peace of mind.
Defendant argues that the present case is virtually the same as Reaves and that as a result the trial court correctly granted the motion to quash. The State argues that Reaves is different from the present case because Reaves involved a less serious non-violent offense than the offense involved in the present case.
The State argues that the following case is controlling. In State v. Lollis, 521 So.2d 532 (La.App. 4th Cir.1988), the defendant was charged with indecent behavior with a juvenile in December 1985, and a trial date was set for sometime in January 1986. Instead, on the January date, there was a motion hearing set which was reset for March. The defendant's motion to suppress his confession was granted, and writs were taken. In July, the Supreme Court stayed all proceedings, and in October the Supreme Court denied a writ application. Trial was then set for early January 1987; but because yet another hearing was pending, trial was reset for late February. The trial was postponed to March 30 on which date the State moved for a continuance due to the absence of a witness. The trial court denied the continuance, and this court denied the State's writ application. The trial court then granted the defendant's motion to quash based on the denial of his right to a speedy trial. This court reversed the granting of the motion to quash even though the defendant had been subjected to a long delay. The court noted that the defendant had been charged with a more serious offense than that in Reaves and that a substantial portion of the delay was attributable to waiting for the resolution of defendant's pretrial motions. The court further noted that it was questionable whether the defendant had ever asserted his right to a speedy trial since there was nothing in the record showing that he had done so or that he had objected to any of the continuances.
In State v. Cowger, 581 So.2d 283 (La. App. 5th Cir.1991), the defendant was charged with theft in January 1989 for incidents occurring between July and September 1986. From October 1986 to May 1990, the defendant was in jail in Alabama. Jefferson Parish law enforcement officers also had two arrest warrants issued for the defendant and had a detainer placed on him. During this period, in May 1988, the defendant filed a pro se motion for a speedy trial. Two years later, the defendant was extradited to Louisiana and was arraigned in June 1990. He then filed a motion to quash claiming a denial of his right to a speedy trial. The motion was denied, and the defendant pleaded guilty and filed a Crosby appeal complaining that his right to a speedy trial had been violated. The Fifth Circuit affirmed the denial *169 of the motion to quash, finding that the defendant's right to a speedy trial had not been violated. The court stated that there was both a statutory right under La. C.Cr.P. art. 701 and a constitutional right to a speedy trial. There was no violation of the statutory right because a violation of La.C.Cr.P. art. 701 entitled the defendant to pretrial relief, making moot after trial any allegation that the article was violated. As to the defendant's constitutional right to a speedy trial, the court stated that although the delay was long, the defendant had asserted his right, and the State failed to fulfill timely its duty to bring the defendant back to Louisiana for trial, there was no prejudice to the defendant caused by the delay. Thus, there was no violation of his right to a speedy trial.
In the present case, the delay between the filing of the original bill of information and the granting of the motion to quash was approximately sixteen months. This period of delay should be considered presumptively prejudicial under the first factor of Barker v. Wingo, supra, thereby necessitating further analysis.
As to the second Barker factor, the reason for the delay, four of the seven continuances were at the State's request. The State moved for and got continuances on August 29, 1990 and January 22, March 13, and April 18, 1991. Only as to the last date do the minute entries give a reason for the continuances, which was, as to that date, the absence of a witness who could not be served. In its brief the State gives the reasons for two of the other continuances it obtained. One continuance was due to the fact that the prosecutor handling the case was in a serious automobile accident, and the other was because the arson investigator was then investigating another arson. Two of the other continuances, the October 16 and December 4, 1990 continuances, were by the court itself. One continuance was due to the judge's being out of town (according to the State's brief), and the other was because of an ongoing trial. The February 25 continuance by defendant himself was because the father of defense counsel had a heart attack (according to defendant's brief).
Also to be considered is the delay resulting from the nolle prosequi and the reinstitution of prosecution. The State entered the nolle prosequi because the trial court denied it a continuance for the purpose of identifying and contacting the mystery witness.
The third Barker factor deals with the defendant's assertion of his right to a speedy trial. None of the minute entries indicate that defendant in the instant case objected to any of the continuances. Additionally, there is no motion for a speedy trial in the record. The first actual complaint of denial of a speedy trial that is in the record is the motion to quash.
The final Barker factor is the prejudice to defendant caused by the delay. In his brief, defendant states that he has missed sixteen days of work because of court appearances. Defendant points out that he is a teacher, has no criminal record, and is of good standing in the community. Defendant states that aside from inconvenience and legal expenses he has personally suffered greatly. The State points out that defendant has never been incarcerated and that any emotional or psychological stress is to be expected.
Taking all of the Barker factors into consideration, it appears that the trial court was correct in granting the motion to quash. The majority of the continuances were at the request of the State, and the final two continuances were granted because the State did not have its witnesses for trial which makes the present case more like Reaves than Lollis and Cowger. Moreover, the fact that the State had yet to identify a witness it had known about for several months led to the final delay, that of the State's entering the nolle prosequi and reinstituting prosecution. The State had more than ample time to find out this witness' name and address. An additional consideration is the concern voiced by the trial judge that it would not be fair to a defendant to allow the State to reinstitute prosecution after dismissing a bill of information because the judge denied the State *170 a continuance. Considering all of the circumstances, the trial judge did not err in granting defendant's motion to quash.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
The record shows a total of seven continuances prior to the State's last motion which was denied. The State received four continuances, the defense one, and two continuances were by the court. The defense argues that the case is not complex and now claims for the first time that the defendant was denied a speedy trial under La.C.Cr.P. art. 701. The State argues that the defendant has not been prejudiced, i.e., he did not lose his job, he was released on an ROR bond, and there was no financial burden.
The State submits that on the day before its last motion to continue was denied and the nolle prosequi was entered, a State's witness mentioned the name of a person who was in the area at the time of the fire and could place the defendant at the scene. The witness stated that she knew where the new witness lived and could help find the person.
When it denied the State's motion to continue, the trial court stated that the defendant had "been here a bunch of times, missing work coming in and out of here...." The court acknowledged that the State had a witness whose identity was unknown on the day of trial, but still quashed the bill of information.
The four factors in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether a defendant's right to a speedy trial has been violated, are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; (4) prejudice. The delay must be prejudicial or there is no need for further inquiry. See State v. Reaves, 376 So.2d 136 (La. 1979).
Barker states that the length of the delay necessary to trigger a further inquiry is dependent on the circumstances. A delay in an ordinary street crime should be considerably less than for a serious complex charge. In discussing the State's basis to justify the delay, different weights are assigned for different reasons. A deliberate attempt to delay by the State in order to hamper the defense is weighed heavily against the State, while a neutral reason such as negligence or a crowded docket is rated less serious. The Supreme Court states that a valid reason, such as a missing witness, justifies a delay. As to the third factor, the Supreme Court notes that defendant's claim for a speedy trial is entitled to strong consideration. The Barker court stated: "We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 92 S.Ct. at 2193. In discussing the fourth factor, the Supreme Court listed three interests: (1) to prevent oppressive pre-trial incarceration; (2) to minimize the anxiety and concern of the defendant; (3) to limit the possibility that the defense would be impaired, the most serious of the three. The court discussed pre-trial incarceration which cause the loss of a job and disruption of family life.
Considering all of the factors, it is clear that the grant of the motion to quash was clearly wrong. The length of the delay was sufficient to trigger further inquiry. Of seven continuances the State only requested four. Some continuances resulted from other trials and matters beyond the State's control.
This alleged arson is more serious than the possession of one marijuana cigarette in State v. Reaves. The State's reasons for its continuances appear justified and were not designed to hamper the defense.
Importantly, the defendant did not object to any continuance, including the last one denied by the court. The defendant never filed a motion for a speedy trial, a crucial factor under Barker which emphasizes that the failure to assert the right to a speedy trial makes it difficult to prove that one was denied.
*171 As to prejudice, the defendant was not incarcerated during the delays and he did not lose his job. The defendant does not allege that his defense was impaired by the delay.
The Supreme Court in Barker states: "We do not hold that there may never be a situation in which an indictment may be dismissed on speedy trial grounds where the defendant has failed to object to continuances. There may be a situation in which the defendant was represented by incompetent counsel, was severely prejudiced, or even cases in which the continuances were granted ex parte." 92 S.Ct. at 2195. The defendant in Barker did not object to the numerous continuances nor did he assert his right to a speedy trial prior to his motion to dismiss (just as in this case nothing was filed until the motion to quash). There is no allegation of incompetent counsel or prejudice.
The defendant was not deprived of his due process right to a speedy trial.
NOTES
[1] La.C.Cr.P. art. 571 provides that there is no time limitation for the institution of prosecution for a crime punishable by death or life imprisonment. La.C.Cr.P. art. 572 provides that for a felony necessarily punishable by imprisonment at hard labor, prosecution must be instituted within six years of the commission of the offense. The time period is four years for felonies not necessarily punishable at hard labor, and it is two years for misdemeanors punishable by fine or imprisonment. It is six months for misdemeanors punishable only by a fine or forfeiture.