hBYRNES, Judge.
The State appeals the trial court’s ruling which granted the defendant’s motion to quash the indictment based on his right to a speedy trial. We reverse and remand.
On March 5, 1996, the State filed a bill of information charging the defendant Allen Shorts with one count of violating La. R.S. 40:966 relative to being in possession of marijuana, third offense. The defendant was originally set for arraignment on March 15, 1996, but the matter was continued because the defendant had to retain private counsel. On March 26, 1996, the defendant entered a not guilty plea and filed pretrial motions. The trial court scheduled a motion hearing for April 26, 1996. However, on that date, the hearing was reset to May 17, 1996, and the continuance was attributed to the defense. Another continuance occurred on May 17, 1996, but the reason is not reflected in the record. The hearing was subsequently continued on June 3,1996 and July 8,1996 at the State’s request. Testimony from one witness was heard on July 22, 1996, and the matter was then continued to July 29, 1996 for further testimony. The matter was reset on July 29, 1996 to August 16, 1996. On the latter date, the trial court granted a defense motion to quash. The State’s appeal followed.
|2The State argues that the trial court erred in granting a motion to quash because there had not yet been a violation of the two-year statutory limitation on commencement of trial set forth in La.C.Cr.P. art. 572. The State concedes that the trial court relied on case law in which a statutory violation was not at issue. It argues, however, that the defendant had not suffered any prejudice and that the cause of the continuances, an absent State witness, is not its fault.
As this Court noted in State v. DeRouen, 96-0725, p. 2-3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40:
The Louisiana Code of Criminal Procedure establishes two time periods relevant to the institution and prosecution of a criminal matter. Article 701 requires that trial commence within 180 days if the defendant is not in custody unless the State can show just cause for the delay. Failure to commence trial within this time period results in the release of the defendant without bail or the discharge of bail obligation. Articles 572 and 578 require that trial commence within a certain number of years following the date of the offense and a certain number of years following the date of the institution of the prosecution. The remedy for violation of these articles is quashing the indictment. La.Code Crim.Proc.Ann. art. 581. These time periods have not been surpassed in the present case and the state has not attempted to circumvent these articles by entering a nolle prosequi and then refiling the charges in a new bill of information. See La.Code Crim. Proc.Ann. art. 576.
In addition to the right to a speedy trial guaranteed by the Criminal Code, a defendant also has a constitutional right to speedy trial. In State v. Johnson, 622 So.2d 845, 848 (La.App. 4th Cir.1993), this court noted:
The Sixth Amendment of the U.S. Constitution also provides a right to a speedy trial. This is a fundamental right which has been imposed on the states by the due process clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Whether this right has been violated is determined by a four-part test: the length of the Isdelay, the reason for the delay, the defendant’s assertion of his or her right, and prejudice to the defendant. Barker, *1239 407 U.S. at 530, 92 S.Ct. at 2192; State v. James, 394 So.2d 1197, 1200 (La.1981).
In Barker, the Court noted that the length of delay is a triggering mechanism, and the other three factors need not be addressed unless the court finds the length of delay to be presumptively oppressive given the circumstances of the case. See also Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).
In State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098, writ denied 96-0979 (La.9/27/96), 679 So.2d 1359, where the defendant was charged with possession with intent to distribute marijuana and for being a convicted felon in possession of a firearm, this court affirmed the trial court’s granting of a motion to quash where the defendant was incarcerated for eleven months, and his defense was hampered by the death of a crucial witness.
In DeRouen, supra, fifteen months elapsed between institution of prosecution of two counts of possession with intent to distribute cocaine and one count of possession of 28 to 200 grams of cocaine and the granting of the motion to quash. Two of the seven scheduled trial date continuances were attributable to the State and the balance to weather, a crowded docket, and the actions of eodefend-ants. In DeRouen, this court found that the defendant did not suffer prejudice as would warrant the finding of a speedy trial violation where the defendant asserted he was prejudiced because he withdrew from college, lost a job and was denied enlistment in the U.S. Army because of the pending charges. This court noted that the latter complaints resulted moré from the existence of the charges than from any delay in the proceedings. The defendant had not been incarcerated and there was no indication that the preparation of his defense had been adversely affected.
|4In State v. Firshing, 624 So.2d 921 (La.App. 4 Cir.1993), writ denied 93-2621 (La.2/25/94), 632 So.2d 760, where the defendant was charged with simple burglary of an inhabited dwelling, a seventeen month delay was found to be presumptively prejudicial under Barker. Of the four continuances, one was joint, two were by the State, and one by the trial court. As in Esteen, the State had entered a nolle prosequi when its request for a trial continuance was denied. The defendant’s first speedy trial complaint was the filing of the motion to quash. The defendant alleged prejudice from the fact that two defense witnesses moved away during the delay. Based on these facts, this Court found that the trial court did not abuse its discretion in granting the motion to quash the reinstituted prosecution.
In State v. Lollis, 521 So.2d 532 (La.App. 4 Cir.1988), this court reversed the trial court’s granting of the defendant’s motion to quash even though the defendant had been subjected to a long delay from December 1985 until June 1992 where the charge was indecent behavior with a juvenile. This court stated that Lollis was released on bond. The record showed that the trial court denied the State’s second request for a continuance because its witness, an examining doctor, was unable to return to Louisiana, and on that date the trial court granted defendant’s oral motion to quash. This court reversed. This court noted that a substantial portion of the delay was attributable to waiting for resolution of the defendant’s pretrial motions. [This court also included that determination in State v. Firshing, supra; State v. Gale, 526 So.2d 861 (La.App. 4 Cir.1988); State v. Price, 96-680 (La.App. 5 Cir. 2/25/97), 690 So.2d 191.] It was questionable if Lollis asserted his right to a speedy trial or had objected to any of the continuances. Lollis had never alleged any prejudice caused by the delay.
In State v. Leban, 611 So.2d 165 (La.App. 4 Cir.1992), writ denied 619 So.2d 533 (1993), the State appealed the quashing of an arson charge against the |sdefendant. This court found the sixteen-month delay between the filing of the bill and the quashing of the charge to be presumptively prejudicial, thereby triggering consideration of the three remaining Barker factors. This court noted that of the seven continuances in the case, four were on request of the State, one of which was granted when one State witness was not served. Two continuances were by the trial court, one due to the judge’s absence and one due to an ongoing trial. The defense continuance was due to an emergen *1240 cy involving the defense counsel’s family. In addition, the State had nolle prosequied the charge once when its motion for continuance had been denied. With respect to the third factor, there was no indication that the defendant had objected to any of the continuances, nor did the defendant invoke his right to speedy trial until he filed his motion to quash the charge. With respect to the prejudice factor, the defendant, although on bond, had missed sixteen days of work because of court appearances. This court affirmed the trial court’s grant of the defendant’s motion to quash.
In State v. Reaves, 376 So.2d 136 (La.1979), the defendant was charged with possession of one marijuana cigarette, a misdemeanor, and trial was set and continued four times in the three and one-half months since charges had been brought. On the fourth trial date, the State moved for a continuance because its principal witness was absent. The trial court denied the continuance, and the State nolle prosequied the bill of information. The State then filed a new bill of information which the defendant moved to quash on the basis that he had been denied his right to a speedy trial. The trial court granted the motion, and the Louisiana Supreme Court affirmed. The court stated that, although the defendant had not been subjected to an extremely long delay, he was denied his right to a speedy trial. The continuances had been caused by the failure of the arresting officer to appear at trial to testify for the State, and the court stated that the ^responsibility for these repeated absences had to rest with the State. The defendant had not moved for a speedy trial before filing his motion to quash, but the court noted that the defendant had not made such a motion because at each postponement trial was reset for a fairly near date. The court stated that because the defendant was charged with a misdemeanor, the prejudice requirement was not as stringent and that the repeated delays might have ultimately forced the defendant to plead guilty to maintain his job and peace of mind.
In State v. Lang, 464 So.2d 776 (La.App. 4 Cir.1985), the defendant was charged with felony theft. The trial was continued four times within a three and one-half month period because the State’s witness was not present. On the date of the last continuance, the defendant orally moved for dismissal or quashing of the bill and, when the defendant’s motion was denied, sought writs in this court. Contrary to the provision of La. C.Cr.P. art. 536, requiring written motions, this court stressed that the trial court granted Lang’s oral motion to quash after granting four oral motions to continue the trial. This court found that “Reaves requires quashing of the information in this case of four continuances for absence of the prosecution witness in a simple non-violent offense.” Lang, 464 So.2d at 777. Lang objected to the State’s motions for continuance. This court did not specifically state how the defendant was prejudiced.
In State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, this court held that the delay of nine months did not rise to a level that would violate the defendant's right to a speedy trial where the defendants had been charged with violation of La. R.S. 4:664, cheating, a non-violent felony. The charge was nolle prosequied once because the State added another defendant. After the charge was reinstituted, the State was granted a continuance because the U.S. Attorney was also investigating the matter. The State nolle prosequied the charge because the Ivtrial court denied a continuance because the police officers needed as witnesses were on Mardi Gras detail. At the next trial date, the State announced that its first witness would not be available until the next morning, and the trial judge stated that he could not go to trial the next day. The trial court granted the defense’s motion to quash after the defense stated that it was ready for a judge trial that first day. With respect to the prejudice factor in Pham, this court stated: “Furthermore, we cannot conclude that the inconvenience alleged by defendants of having to travel to New Orleans from Houston is so prejudicial as to rise to constitutional proportions necessitating dismissal of the charges.” Id. at 13. This court reversed, finding that the delay was not so prejudicial to warrant dismissal of the charges.

*1241
LENGTH AND REASON FOR DELAY

In Pham, id., this court noted that the State’s nolle prosequi was not done to avoid time limitations but because of the unavailability of police officers. Although the defense argued that the numerous status conferences requested by the State were continuances, the minute entries were unclear for continuance of the conferences. This court noted that the charge was a felony rather than a misdemeanor as in State v. Reaves, supra, and the tolerance for the delay is greater.
In the present case the delay between the filing of the bill of information and the quashing of it was five months. According to the transcript wherein the court granted the motion to quash, the delays in the casé have been caused by the absence of a key State witness, a police officer. Although the minute entries do not always show the reason for each continuance, the trial court stated that the matter had been continued “at least five times for its inability to secure the presence” of the officer. On the prior hearing date, the trial court warned thejgState that it would “entertain” a motion to quash if the witness did not appear. Additionally, the representative of the State informed the court that he had spoken to the police officer that morning “and informed him that it was imperative” that he be present. The prosecution also contacted the officer’s supervisors. Despite this, two and one-half hours after the hearing was scheduled to commence, the officer still had not appeared. The record does not indicate that the State requested that a subpoena or attachment issue to the officer until the date when the State had been warned that the case would be dismissed if the State was not prepared to proceed.
The State did not dismiss the prosecution and then reinstitute it as was done in other cases. In Lang the defendant objected to the State’s motions for continuances; however, in the present case the record does not show that the defendant objected to the continuances. The continuances were partially attributable to discovery and defense motions. The defendant was not incarcerated after being released on bond in March 1996. The continuances were reasonable.

DEFENDANT’S ASSERTION OF HIS RIGHT

Under the third Barker factor, the defendant’s assertion of his right to a speedy trial is entitled to strong evidentiary weight. However, in the present case the minute entries do not affirmatively show defense objections to the continuances.

PREJUDICE TO THE DEFENDANT

The fourth Barker factor is prejudice to the defendant. In the present case, the defendant was charged with simple possession of marijuana. According to the State’s brief, the amount was four hand-rolled cigarettes. The charge, normally a misdemeanor, was upgraded to a felony with a potential sentence of up to twenty years because the defendant allegedly had two prior offenses; there is no minimum |9sentence. La. R.S. 40:966 D(3). Nevertheless, as in Lang and Pham, although the charge is a felony, it is a simple non-violent offense.
The defendant’s degree of proof of prejudice varies inversely with the government’s culpability for the delay; where the government was reasonably diligent in its efforts to bring the defendant to trial, the defense must show specific prejudice to his defense. Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). In that case the United States Supreme Court found that toleration of the State’s negligence varies inversely with the length of time involved, and a delay of eight and a half years was a denial of the defendant’s right to a speedy trial although the prejudice was unspecified. Delays due to official negligence are weighed against the State to a lesser degree than deliberate delays for the purpose of determining whether there has been a violation of the defendant’s constitutional right to a speedy trial. State v. Willis, 94 0056 (La.App. 1 Cir. 3/3/95), 652 So.2d 586.
In Willis, the appellate court reversed the trial court’s ruling which granted the defendant’s motion to quash the bill of information based on a speedy trial claim. The appellate court held that the delay of three and a half *1242 years between the arrest and filing of the bill of information for the charge of possession of cocaine with intent to distribute was of sufficient duration to trigger further inquiry into the remaining Barker factors. The trial court reviewed Doggett which stated that “affirmative proof of particularized prejudice is not essential to every speedy trial claim,” but the United States Supreme Court also noted that “presumptive prejudice cannot alone carry a Sixth Amendment claim.” Doggett, 505 U.S. at 655-56, 112 S.Ct. at 2692-93. Willis did not assert his right to a speedy trial prior to the filing of the bill of information and the defendant did not allege that the State intentionally caused the delay in order to gain a tactical advantage. [See also State v. Butler, 615 So.2d 496 (La.App. 3 Cir.1993), writ denied State ex rel. Butler v. Thirty Six Judicial Dist. Court, 94-0634 (La.6/28/96), 675 So.2d 1107, in which the appellate court found no indication that the State deliberately delayed trial in an attempt to hinder the defense.] In Willis, The appellate court stated that the defendant neither alleged nor established any actual prejudice such as unavailable witnesses or evidence lost as a result of the delay. The appellate court reversed the ruling of the trial court and denied the defendant’s motion to quash.
In the present ease, the reason for the State’s delay was official negligence rather than a deliberate attempt to gain tactical advantage. Because the State was reasonably diligent in its efforts to find the witness, the defense must show specific prejudice to his defense. The defendant is not incarcerated. There is no evidence that the defendant suffered actual or specific prejudice such as unavailable witnesses or evidence lost as a result of the delay. Part of the delay is attributed initially to pretrial motions filed by the defendant. The record does not indicate that the defendant’s defense was impaired, and the delay under the circumstances was not so long as to deny the defendant his constitutional right to a speedy trial.
Accordingly, the judgment of the trial court is reversed, the motion to quash is denied, and the matter is remanded for further proceedings.

REVERSED & REMANDED.

LOBRANO, J., concurs with reasons.
JONES, J., concurs with reasons.