JjSCHOTT, Chief Judge.
We grant certiorari in order to consider the validity of a ruling of the trial court denying relator’s motion to quash his indictment on the ground that his constitutional right to a speedy trial has been violated. Whether relator’s right to a speedy trial has been violated is determined by a four part test: the length of the delay, the reason for the delay, the defendant’s assertion of his right and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In the case now before us the time period between the filing of the indictment and the filing of the motion to quash was twenty-six months; twenty-one months elapsed between the relator’s arraignment and the filing of the motion to quash. Taking either date, the period is presumptively prejudicial, triggering the other three Barker factors.
As for the reasons for the delay, the docket master entries indicate the relator was not arraigned for five months because he was incarcerated at a D.O.C. facility and the State had failed to secure his appearance. After he was arraigned, the defense received four continuances, the State received five, and the ease was continued six times with no notation on the docket master as to who requested the continuance or for what reason. In addition, the case was reset three times by the court, twice due to a trial in progress and once because court was not held. Even though the docket master entries do not reflect the cause for six of the continuances, it appears from the transcripts included in the |2relator’s application that many of them were due to the unavailability of Det. Berard, a State’s witness. Thus, although all of the continuances cannot be attributed to the State, it appears the majority of them were granted due to the State’s failure to secure Det. Berard’s appearance.
With respect to the third Barker factor, the relator filed his motion for speedy trial on August 5, 1996, apparently when present counsel enrolled. This motion was filed less than a year after arraignment and less than a year prior to the filing of his motion to quash.
It was primarily the fourth factor that the trial court found was lacking in the relator’s case. The court found the relator did not show sufficient prejudice to warrant the quashing of the indictment. With respect to a defendant’s burden of proof in showing prejudice, this court in State v. Shorts, 97-0050 pp. 10-11 (La.App. 4 Cir. 1/9/98), 705 So.2d 1237, 1241 stated:
*1333 The defendant’s degree of proof of prejudice varies inversely with the government’s culpability for the delay; where the government was reasonably diligent in its efforts to bring the defendant to trial, the defense must show specific prejudice to his defense. Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). In that case the United States Supreme Court found that toleration of the State’s negligence varies inversely with the length of time involved, and a delay of eight and a half years was a denial of the defendant’s right to a speedy trial although the prejudice was unspecified. Delays due to official negligence are weighed against the State to a lesser degree than deliberate delays for the purpose of determining whether there has been a violation of the defendant’s constitutional right to a speedy trial. State v. Willis, 94 0056 (La.App. 1 Cir. 3/3/95), 652 So.2d 586.
In Doggett v. United States, 505 U.S. 647, 656, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520 (1992) the Court stated:
Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground. While not compelling relief in every case where bad-faith delay would make relief virtually automatic, neither is negligence automatically tolerable simply because the accused Ucannot demonstrate exactly how it has prejudiced him. It was on this point that the Court of Appeals erred, and on the facts before us, it was reversible error.
Barker made it clear that “different weights [are to be] assigned to different reasons” for delay. Ibid. Although negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused’s defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun. And such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness, cf. Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), and its consequent threat to the fairness to the accused’s trial.
Doggett, 505 U.S. at 656-657, 112 S.Ct. at 2693.
Here, the asserted reason for the majority of the continuances was the absence of one witness. As noted by the relator, the State did not request the issuance of an instanter for this witness at any time when he failed to appear. In addition, the prosecutor admitted at one hearing that he was unaware of where the officer was assigned or even if the officer was still employed by N.O.P.D. At best, this shows “official negligence”, for which prejudice may not be presumed, but rather the relator must show some prejudice for the delay. Here, the trial court found the relator did not show adequate prejudice to warrant a quashing of the charge. The relator’s allegation of prejudice is his inability to establish a defense due to the State’s repeated failure to hold pretrial hearings in the matter. The relator argues he still has not been able to test the quality of the case against him in order to prepare an adequate defense. He does not allege that possible defenses have been lost due to the delay in holding the hearings. Thus, it appears the prejudice to the defendant would be cured if the State were forced to hold the suppression hearings even in the absence of Det. Berard. We have concluded that the trial court did not err in refusing to Uquash the first degree murder indictment against the relator. However, the trial court must now hold the pretrial hearings in Det. Ber-ard’s absence, if necessary, so that the prosecution can move forward without further delay.
Accordingly the judgment denying the motion to quash is affirmed and the case is remanded to the trial court for further proceedings.

AFFIRMED AND REMANDED.