767 So.2d 130 (2000)
STATE of Louisiana
v.
Joseph BROCK.
No. 99-KA-2128.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 2000.
Harry F. Connick, District Attorney, Nicole Barron, Assistant District Attorney, New Orleans, Louisiana, Counsel for the State.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for the Defendant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, and Judge PHILIP C. CIACCIO, Pro Tem.
BYRNES, Judge.
The State of Louisiana appeals the trial court's judgment that granted the defendant, Joseph Brock's motion to quash. We reverse and remand.
On May 5, 1997, in case # 389-495, Joseph Brock was charged with two counts of indecent behavior with a juvenile, violations of La. R.S. 14:81, and with one count of attempted simple kidnapping, a violation of La. R.S. 14:27(45). At arraignment on May 7, 1997, he entered a plea of not guilty. Following a lunacy hearing on March 19, 1998, the court found him sane *131 and able to stand trial. Trial was set for October 15, 1998. On that date the State requested a continuance and when it was not granted, the State entered a nolle prosequi.
The State filed the same charges against Brock on October 19, 1998, in case # 402-382, and on December 2, 1998, he pleaded not guilty. The defense filed a motion to quash the bills of information based on Brock's right to a speedy trial. The trial court granted the motion after a hearing on the matter on December 8, 1998. The State's appeal followed.
Because there was no trial, there are no facts to relate.
On appeal the State argues that the trial court erred in granting the motion to quash based on Brock's right to a speedy trial.
A defendant has a constitutional right to speedy trial.[1] In State v. Johnson, 622 So.2d 845, 848 (La.App. 4 Cir.1993), this court noted:
The Sixth Amendment of the U.S. Constitution also provides a right to a speedy trial. This is a fundamental right which has been imposed on the states by the due process clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Whether this right has been violated is determined by a four-part test: the length of the delay, the reason for the delay, the defendant's assertion of his or her right, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; State v. James, 394 So.2d 1197, 1200 (La. 1981).
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court noted that the length of delay is a triggering mechanism, and the other three factors need not be addressed unless the court finds the length of delay to be presumptively oppressive given the circumstances of the case. See also Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).
In the present case, Brock was charged on May 5, 1997, and the case was quashed on December 8, 1998, a time period of nineteen months. In State v. Leban, 611 So.2d 165 (La.App. 4 Cir.1992), writ denied, 619 So.2d 533 (La.1993), this Court found a delay of sixteen months to be presumptively prejudicial under Barker v. Wingo, supra, thereby necessitating further analysis.
Looking to the next factor, the reasons for the delay, there were five continuances for the defense, six joint continuances, and either two or four continuances for the State according to whether the State's *132 choosing to proceed with another trial and filing of a nolle prosequi are included. (There were seven unexplained continuances where the trial court simply reset the matter). Brock contends through counsel that the defense attorney never asked for a continuance for trial, only for motion hearings; however, it is uncontested that the defense attorney did not appear for at least two but probably three of the hearings on the lunacy motion. Further, there is no indication that the State deliberately delayed the trial in an attempt to hamper the defense. Barker v. Wingo, supra, 407 U.S. at 531, 92 S.Ct at 2192; State v. McDaniel, 340 So.2d 242 (La. 1976).
The third factor, Brock's assertion of his right to a speedy trial, is given serious weight. Barker v. Wingo, supra, 407 U.S. at 531-2, 92 S.Ct at 2192-3. In this case Brock's first assertion of the right is his motion to quash.[2] Furthermore, there is no indication he objected to the State's continuances. However, Brock argues that no assertion of his right to a speedy trial was made because there was an effort to craft a plea agreement with an assistant district attorney who is no longer involved with the case. Yet Brock never objected to any of the State's continuances, and his attorney agreed to six joint continuances which effectively delayed his trial.
As to prejudice, Brock was incarcerated for more than seventeen months awaiting trial. However, there is no indication that Brock's case at trial would be compromised because of missing witnesses due to the delay.[3] While the prejudice to Brock is notable here, the crime with which he was charged is very serious.
This case is similar to State v. Lollis, 521 So.2d 532 (La.App. 4 Cir.1988), where this Court held that the granting of the motion to quash the trial of the defendant also charged with indecent behavior with a juvenilewas unjustified. In Lollis, most of the delay was due to a wait for resolution of the defendant's pretrial motions and hearings; furthermore, the defendant never asserted his right to a speedy trial.
In the present case, the defense filed a motion for a lunacy hearing on about May 17, 1997, and the hearing occurred on March 19, 1998; thus, ten months of the nineteen month delay can be attributed to factors beyond the State's control.
Considering these factors, we find the trial court erred in granting the motion to quash and releasing Brock without a trial. Accordingly, the trial court's decision to grant the motion to quash is reversed, and the case is remanded.
REVERSED & REMANDED.
NOTES
[1] Although the trial court did not quash the counts for violation of any statutory provision, La.C.Cr.P art. 578 provides in part: "Except as otherwise provided in this Chapter, no trial shall be commenced: ... (2) In other felony cases [other than capital cases] after two years from the date of institution of prosecution."

In any event, the time period under art. 578 has not passed because some of this time has been suspended as per art. 580, which provides: "When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial." In State v. Jones, 620 So.2d 341, 342-343 (La.App. 5th Cir. 1993), the court stated:
LSA-C.Cr.P. art. 578 establishes a two year prescriptive period from institution of prosecution to commencement of trial in non-capital felony cases. LSA-C.Cr.P. art. 580 provides for suspension of that prescriptive period when a defendant files a motion to quash or another preliminary plea. The period is suspended until the ruling of the court, but in no case shall the State have less than one year after the ruling to commence trial. State v. Watkins, 594 So.2d 501 (La.App. 5 Cir.1992), writ denied, 600 So.2d 654 (La.1992).
A motion for a continuance filed by a defendant is a preliminary plea under LSA-C.Cr.P. art. 580 which suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555 (La.1978); State v. Cranmer, 306 So.2d 698 (La.1975). Joint motions to continue likewise suspend the period of limitation. State v. Simpson, 506 So.2d 837 (La.App. 1st Cir.1987), writ denied, 512 So.2d 433 (La.1987).
[2] The motion to quash is not in the record although the minute entry shows it was filed on December 8, 1998. There is no evidence in the record that the defendant ever asserted his right to a speedy trial prior to moving to quash the bill.
[3] In his brief, the defendant complains "of an inability to preserve witnesses," but the State contends these are men in prison with the defendant who have no connection with the case. Actually the State had witness trouble in that one of the young victims appeared to be unwilling to come to court again.