JjJONES, Judge.
The State of Louisiana appeals the trial court’s granting of the defendant’s Motion to Quash.
On December 30,1999, Trevis T. Pointer was charged with possession of marijuana as a third offense, in violation of La. R.S. 40:966(0(3). On January 20th, Pointer and his attorney appeared for a motion hearing; however, the judge granted the State’s motion for a continuance after the police officer did not appear. On January 27th, the court found no probable cause after the police officer again failed to appear; the State objected to the finding, and Pointer was released.[1] On February *627 3rd, a continuance was granted to the State for the same reason, and the prosecutor called the officer from the judge’s chamber to inform her that the hearing was continued until 8 a.m. the next day. On February 4th, Pointer and his attorney appeared but the State’s police officer witness did not. The judge, at that time, granted the defense’s motion to suppress the evidence, and noted the State’s objection and intent to take writs to this Court; however, the State failed to file lywrits. The judge then granted Pointer’s Motion to Quash, which the State now appeals.
In his Motion to Quash the Bill of Indictment, Pointer maintained that he was denied his right to a speedy trial under the U.S. Constitution and also under La.C.Cr.P. art. 532. The State now argues that the trial court erred in granting the Motion to Quash for two reasons. First, Pointer did not suffer from the five-week delay between the bill of indictment and the granting of the motion to quash; and second, the bill was not quashed based on grounds set forth in La.C.Cr.P. art. 532.
At the hearing, the district judge granted the Motion to Quash when he learned that the police officer would not be available. When the prosecutor asked the grounds for the decision, the judge stated:
It’s issued on the grounds of common courtesy, a need to move the docket, a consistent total commitment to moving your docket, to accommodating anyone and everyone as long as they pay the Court the common courtesy of a phone call or a simple request for a delay. That’s not been granted to this Court on four occasions by this officer.
When the prosecutor objected to the court’s reasons because they were not listed in the codal articles, the court found that Pointer had been denied a right to a speedy trial and speedy due process.
In its brief, the State argues that under the analysis formulated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the district court erred in granting the Motion to Quash. We agree.
The Sixth Amendment of the U.S. Constitution provides a right to a speedy trial. The Due Process Clause of the Fourteenth Amendment extends this fundamental right to the states. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Barker provides a, four-part test for determining whether this right has 13been violated. A reviewing court must look at the following: the length of the delay, the reason for the delay, the defendant’s assertion of his or her right, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192.
In Barker, the court noted that the length of delay is a triggering mechanism, and unless the court finds the length of delay to be presumptively oppressive given the circumstances of the case, the other three factors need not be addressed. In the case at bar, the pertinent dates are as follows: the bill of information was filed on December 30, 1999; a motion hearing was set for January 20th but continued at the State’s request; the hearings were reset for January 27th and February 3rd and on February 4th when the police officer failed to appear, the trial court granted the defendant’s Motion to Quash.
Applying the first of the Barker factors to this case, the Motion to Quash was granted after a five-week delay. In its brief the State points out that in many of *628 the cases where the length of the delay is considered “presumptively prejudicial,” the delay is for more than a year. State v. Leban, 611 So.2d 165, 169 (La.App. 4th Cir.1992). The defense cites State v. Reaves, 376 So.2d 136 (La.1979), wherein the Louisiana Supreme Court upheld the trial court’s granting of a Motion to Quash after a three and one-half month delay between the filing of the Bill of Information on a misdemeanor marijuana charge and the trial court’s denial of the State’s fourth continuance. The defense also cites State v. Lang, 464 So.2d 776 (La.App. 4th Cir.1985), wherein this Court reversed the trial court’s denial of the Motion to Quash. In Lang, the State moved for four continuances over the defense’s objections, and the delay between the Bill of Information and the granting of the Motion to Quash was less than, four months.
While three and four month delays were found prejudicial in Reaves and Lang, the Motions to Quash were granted because of the special circumstances of each case. Simple, non-violent offenses were at issue: In Lang the defendant was charged with misappropriation of $300; in Reaves the offense was a misdemeanor, possession of a single marijuana cigarette. In Reaves the court gave as its reasons for granting the motion the “economic and psychological burdens” which were placed on “a forty-two year old man [the defendant] with a family to support [who] was forced to miss six days of work to go to court” for a misdemeanor offense as the reason for upholding the Motion to Quash. State v. Reaves, 376 So.2d at 139. However in the case at bar, Pointer is a twenty-two year old whose employment record is not available, but who did not object that he was missing work or that he supported his family. More importantly, he was facing felony charges for possession of narcotics. Additionally, Reaves and Lang both concern longer periods of delay than the instant case, and the five-week delay in this case was not accompanied by the peculiar circumstances which were essential to the granting of the motions to quash in the cases cited by the defense.
Because the delay in the case at bar is not long enough to be presumptively prejudicial under Barker v. Wingo and State v. Leban, we pretermit discussion of the other Barker factors.
Accordingly, for the above reasons, the judgment of the district court is reversed, and the Motion to Quash is denied.

REVERSED.

. There are several mistakes in the docket master and minute entries. The docket mas- *627 ler indicates that the court found probable cause; however, the minute entry correctly states that no probable cause was found. The minute entry of February 3rd states that the defense requested a continuance, but according to the transcript of February 4th the State asked for the continuance when the police officer was unavailable.