Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,609-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellant

versus

QUINTON VERDELL TELLIS                      Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2016-F-1796

Honorable Larry D. Jefferson, Judge

* * * * *

ROBERT S. TEW                               Counsel for Appellant
District Attorney

HOLLY A. CHAMBERS-JONES
Assistant District Attorney

LOUISIANA APPELLATE PROJECT                 Counsel for Appellee
By:  G. Paul Marx

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

**PITMAN, J**.

The State of Louisiana appeals the dismissal without prejudice of the charge of second degree murder against Defendant Quinton Verdell Tellis for alleged violation of his right to a speedy trial. For the following reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded.

## FACTS

Foreign exchange student Ming Chen Hsiao ("Mandy") was murdered in her apartment in Monroe, Louisiana on or about July 29, 2015, but her body was not discovered until August 8, 2015. She had been tortured and then stabbed to death. Within days of her death, Defendant used Mandy's debit card at an ATM machine, accessed her accounts and withdrew several hundred dollars from them at different times. On August 20, 2015, he was arrested and in October was charged with unauthorized use of an access card and one count of possession of marijuana with intent to distribute.

In February 2016, three months prior to the trial scheduled in Louisiana on the unauthorized use of the access card, the State of Mississippi indicted Defendant for the December 2014 murder of Jessica Chambers, who had been set on fire and died from her injuries.[1]

In Louisiana, a jury trial was to commence on the unauthorized use of an access card and the marijuana charge in May 2016; however, prior to trial, Defendant pled guilty to middle grade unauthorized use of an access card pursuant to a habitual offender bill of information filed the same date.

---

[1] Defendant was tried for the Chambers murder in Mississippi in October 2017 and October 2018, but both trials ended in mistrials.

Defendant was sentenced to ten years hard labor. On July 7, 2016, while Defendant was housed in the DeSoto County Adult Detention Facility in Hernando, Mississippi, Louisiana issued an arrest warrant for Defendant for Mandy's murder.

On May 17, 2019, approximately four years after Mandy's murder, Defendant was charged with second degree murder, a violation of La. R.S. 14:30.1. Between August 24, 2019, when 11 disks of discovery materials were provided to Defendant's counsel, and October 6, 2021, many hearings and meetings were set and delayed, both at the request of the Ouachita Parish assistant district attorney ("ADA") and Defendant's counsel. In January 2021, Defendant filed a motion for speedy trial. It was unsigned and not addressed.

On October 6, 2021, Defendant's counsel filed a motion for a speedy trial and claimed he was ready to proceed. The trial court ruled the commencement of the statutory 120 days would begin on that date in accordance with La. C. Cr. P. art. 701. A hearing was set for November 8, 2021, and the trial for January 3, 2022. On November 8, 2021, Defendant informed the state that it intended to hire an expert on cell phone triangulation; and on December 15, 2021, he informed the state that an expert had been retained for trial testimony. At that time, the state provided a supplemental DNA report. Defendant requested a continuance of the trial of January 3, 3022. The matter was rescheduled for a hearing on January 19, 2022 and the trial for March 14, 2022.

Defendant filed a motion to waive the jury trial on January 18, 2022, and asserted that the expert had given an oral opinion of his findings but had not reduced the opinion to writing. The trial court suspended the running of

2

time for the speedy trial request until such time Defendant was able to provide the written report to the state. The state objected to the suspension of the running of time only until Defendant provided it with a copy of the expert's opinion and argued the motion for speedy trial should be dismissed in its entirety since Defendant had indicated he was not ready to go to trial as he had alleged when he filed his motion. The trial court stated a ruling would be rendered at a later date and continued the matter for hearings until February 9, 2022.

From that date in February 2022 until October 13, 2022, this matter was continued several times for different reasons having to do with Defendant's expert report, the state's inability to read that expert's report, COVID-19 diagnoses, the unavailability of defense counsel during certain months, the ADA's planned vacation and the state's expert being unavailable for trial on one of the established days for the trial. During this time, the time delays for speedy trial were suspended for 60 days for reasons of both state and defense. A new trial date of October 24, 2022, was set. The state filed a motion for continuance.

On August 29, 2022, Defendant filed a motion to quash the state's motion for continuance and claimed his right to speedy trial was being violated. The trial court denied the motion, and Defendant sought writs with this court. Writs were denied on September 29, 2022. The state filed another motion for a continuance.

Approximately six weeks later, on October 13, 2022, a hearing was held on that motion to continue the trial set for October 24, 2022. At the hearing, the state conceded that the 120-day time limit of the speedy trial motion would expire on October 19, 2022, and that if the time expired, the

3

appropriate remedy under La. C. Cr. P. art 701 would be to release Defendant without bail. The ADA informed the trial court that, in the event the continuance was not granted and the Defendant released without bail, the State of Mississippi Department of Corrections ("MDOC") had a detainer on Defendant requiring transfer there to serve an outstanding sentence.

Once again, the trial court stated it would take the matter under advisement and that the state would be informed of its decision. The ADA asked the court whether contact should be made with MDOC informing it not to come to Louisiana, and the trial court stated, "[t]ell them whatever you want." Later that day, the trial court denied the motion to continue without notice to the state and maintained the trial date of October 24, 2022.

Because the law required Defendant to be released without bail when the 120-day time limit lapsed for speedy trial, the ADA contacted the MDOC; and on Monday, October 17, 2022, Defendant was transferred from Ouachita Parish to the MDOC. Because Defendant had been removed from the jurisdiction, the state removed the Defendant's trial from the court's docket under La. C. Cr. P. art. 61.

On October 24, 2022, the day scheduled for trial, Defendant filed a "Motion to Dismiss or In the Alternative Release From Bond Obligation." The motion alleged that he filed a motion for speedy trial on January 18, 2022; that continuances were granted to the state on three trial dates, including August 29, 2022, over his objection. He also noted that he had been transferred to Mississippi without notice on the order of the district attorney's office, that he had been deprived of the ability to perpetuate testimony and that the lack of notice violated his U.S. Constitution Sixth Amendment rights. Defendant claimed that the actions by the state were so

4

egregious as to merit dismissal for violation La. C. Cr. P. art. 701 and the Sixth Amendment to the U.S. Constitution. He also filed a motion to have the Ouachita Parish District Attorney's office pay the cost of bringing his expert witness from Montana to court.

A hearing was held that day and the trial court took umbrage with the fact that Defendant had been removed from the jurisdiction by MDOC at the request of the ADA and that the ADA had the case removed from the docket pursuant to La. C. Cr. P. art. 61 without informing the court. The trial court accused the ADA of engaging in some form of "design" to prevent the case from going to trial and chastised her for being unprepared for court on the day set for trial. The state's motion for continuance was denied.

The trial court heard Defendant's motion to dismiss or in the alternative release him from the bond obligation.[2] The trial court stated that it found the state had acted in bad faith in seeking continuances, in removing Defendant from the jurisdiction of the court and in removing the trial from the docket. The trial court granted Defendant's motion to dismiss or in the alternative release from bond obligation and found that 1) the actions of the ADA were in bad faith; 2) that there was a violation of Defendant's speedy trial rights pursuant to La. C. Cr. P. art. 701; and 3) that Defendant's Sixth Amendment rights had been violated. The trial court ordered that the "above captioned numbered and entitled case be and the same is hereby dismissed, without prejudice," and that the bond obligation of Defendant "be relieved and any detainer in relationship to this case be removed."

---

[2] Defendant has argued that his motion to dismiss is actually the same as a motion to quash the bill of indictment, and that is how the trial court treated it. The state objected and claimed that the two motions were not the same.

The state appeals this judgment dismissing the case without prejudice against Defendant for violating his constitutional right to a speedy trial. The release without bond is not challenged by the state, which had acquiesced at the hearing that the time limit for speedy trial had already lapsed under La. C. Cr. P. art. 701.

## DISCUSSION

The state argues the trial court erred in dismissing Defendant's case when his speedy trial rights were not violated and the sole statutory remedy was pretrial release without bail. The state also argues that while Defendant has a constitutional right to a speedy trial under the Sixth and Fourteenth Amendments of the U.S. Constitution, it was error for the trial court to dismiss the case against Defendant because his constitutional right to a speedy trial was not violated.

Defendant argues that the trial court had the authority to dismiss the case because the state interfered with his constitutional rights while he was under indictment for murder. He also argues that the ADA's defiance of the trial court's ruling on October 24, 2022, was contemptuous and prejudicial, making trial impossible because Defendant was transferred to Mississippi without notice. He argues that the ADA's actions impaired the trial court's authority to conduct the business of the court and required the court to grant a motion to quash.

Defendant further argues that the ADA's authority under La. C. Cr. P. art. 61 to choose whom, when and how people are prosecuted does not allow the state to spirit defendants to far away jails so that trial cannot be held. He also questions whether trial courts are limited to statutory provisions of relief under La. C. Cr. P. art. 701 when the prosecution has "manipulated

6

defendant housing to moot the court's denial of a continuance." Last, he argues that he had a constitutional right to a speedy trial and that his rights were violated when the ADA removed him from access to counsel and denied him a trial when the multiple fixings were upset solely by the ADA's preferences.

It is well settled that there are two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La. C. Cr. P. art. 701 and a constitutional right embodied in the Sixth Amendment to the U.S. Constitution and Article I, Section 16, of the Louisiana Constitution of 1974. *State v. McGill*, 50,994 (La. App. 2 Cir. 1/11/17), 213 So. 3d 1181. The two are not equivalent. *Id.*

Both the state and the defendant have the right to a speedy trial. La. C. Cr. P. art.701. La. C. Cr. P. art. 701(D)(2) states that failure to commence trial within the time periods provided shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown. The sole remedy for failure to commence trial within the mandated time period is pretrial release without bail. *State v. McGill*, *supra*.

The state has not challenged the portion of the trial court's judgment based on La. C. Cr. P. art. 701 which relieved Defendant of his bail obligation upon the running of the time period for speedy trial. Therefore, that portion of the judgment is affirmed.

The constitutional right to a speedy trial is fundamental and is guaranteed to an accused. U.S. Const. Amends. VI and XIV; La. Const. art. I, § 16; *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State v. Jordan*, 35,643 (La. App. 2 Cir. 4/03/02), 813 So. 2d 1123,

7

*writ denied*, 02-1570 (La. 5/30/03), 845 So. 2d 1067. The right attaches when an individual becomes an accused, either by formal indictment or bill of information or arrest and actual restraint. *State v. Bodley*, 394 So. 2d 584 (La. 1981); *State v. McGill*, *supra*. The underlying purpose of this constitutional right is to protect a defendant's interests in preventing oppressive pretrial incarceration, limiting possible impairment of his defense and minimizing his anxiety and concern. *State v. Love*, 00-3347 (La. 5/23/03), 847 So. 2d 1198. The four factors to be considered when considering whether a defendant's right to speedy trial has been violated are length of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant. *Barker v. Wingo*, *supra*.

The first of the *Barker* factors, the length of the delay, is a threshold requirement for courts reviewing speedy trial claims. *State v. Love*, *citing United States v. Avalos*, 541 F. 2d 1100 (5 Cir., 1976), *cert. denied*, 430 U.S. 970, 97 S. Ct. 1656, 52 L. Ed. 2d 363 (1977). This factor serves as a "triggering mechanism." *State v. Love*, *supra*. Unless the delay in a given case is "presumptively prejudicial," further inquiry into the other *Barker* factors is unnecessary. *Id*. However, when a court finds that the delay was "presumptively prejudicial," the court must then consider the other three factors. *Id*.

Under *Barker*, the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay. *State v. Love*, *supra*, *citing State v. Reaves*, 376 So. 2d 136 (La. 1979). The manner of proof must also be considered, as must the gravity of the alleged crime. *State v. Love*, *supra*. The amorphous quality of the right also leads to

the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. *Barker v. Mingo*, *supra*.

An appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. *State v. Love*, *supra*. In situations where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation. *Id.*

La. C. Cr. P. art. 576 provides that when a criminal prosecution is timely instituted in a court of proper jurisdiction and the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter, Limitations Upon Institution of Prosecution, or within six months from the date of dismissal, whichever is longer. A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by article 578. *Id*.

Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.

9

*State v. Gray*, 16-0687 (La. 3/15/17), 218 So. 3d 40. However, the trial court's legal findings are subject to a de novo standard of review. *Id.*

Where the charge is murder there is no time limitation upon the institution of prosecution for that crime. La. C. Cr. P. art. 571. Where a necessary incident of the crime of murder is itself a crime and part of the res gestae, it is not a valid objection that the time for prosecuting the related offense has run. *State v. Sterling*, 377 So. 2d 58 (La. 1979). The reason for this is that a prosecution for murder has no limitation, and the statute of limitations does not apply to facts which are relevant and admissible to prove murder. *Id.*

Applying the first factor found in *Barker*, we do not find the length of delay from the October 6, 2021 motion for speedy trial until the trial date of October 24, 2022, to be presumptively prejudicial. All of the motions for continuance by both the state and Defendant were granted for good cause until the very end of the period when the trial court refused the last request by the state. The state was aware that the time limitation was about to run, informed the trial court and noted that MDOC was planning on transporting him as a result of the detainer. Having found the delay not to be presumptively prejudicial, it is not necessary to discuss the other factors in *Barker*; however, even if the three other *Barker* factors are considered—the cause for the delays, Defendant's assertion of his right and prejudice to him—they were insufficient to warrant the dismissal of his case when he was charged with second degree murder that could result in imprisonment for life.

Defendant, for whom a detainer in the State of Mississippi was waiting, was not prejudiced by the delay which exceeded 120 days. Were he

to be released without bond into freedom in the State of Louisiana, there might have been some reason to find he was prejudiced by the lengthy time between the filing of the motion for speedy trial and trial; but because he was simply taken to prison in Mississippi, he suffered no prejudice. The judgment of dismissal without prejudice is reversed and the matter remanded for reinstatement of the prosecution by the Ouachita Parish District Attorney. The assignment of error has merit.

## CONCLUSION

For the foregoing reasons, we find the trial court correctly released Defendant Quinton Verdell Tellis without bail under La. C. Cr. P. art. 701 and that portion of the judgment is affirmed. We further find Defendant's constitutional right to a speedy trial was not violated and the dismissal without prejudice of the murder charge was an abuse of discretion. That portion of the judgment is reversed and the matter remanded.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**